E. ROGER FRISCH AND MARIE L. FRISCH, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 9417-83.          Filed October 28, 1986.

---

[7]See also *Gorton v. Commissioner,* T.C. Memo. 1985-45.

E. Roger Frisch, pro se.
*Patrick Turner*, for the respondent.

### OPINION

PARR, *Judge*: This matter is before us on petitioners' motion for litigation costs. The issues are: (1) Whether the position of the United States in the civil proceeding was unreasonable, and if so, (2) whether a pro se attorney-petitioner may be compensated for the value of services rendered in his own behalf, and (3) what amount of litigation costs should be awarded. The second issue is one of first impression in this Court.

Respondent determined a deficiency in Federal individual income tax against petitioners for 1979 in the amount of $6,506, and an addition to tax under section 6653(a)[1] in the amount of $325. Respondent also sought increased interest on underpayments attributable to tax motivated transactions under section 6621(d).

This case was tried in New York City on January 14, 1986. Before trial, respondent conceded an issue related to a mining partnership. The issues tried (charitable contribution deduction, negligence, and additional interest) all turned on the value of a hand-signed Norman Rockwell print donated by petitioners[2] to Bates College in December 1979.

Petitioners purchased the print at an auction in New York on March 20, 1974, for $1,150. Respondent contended the print was worth $500 when donated. Petitioner claimed $6,000. Following trial, we rendered oral findings of fact and opinion pursuant to section 7459(b) and Rule 152, and found for petitioners. A decision was entered for petitioners on

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954 as amended and in effect during the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2]Petitioner Marie L. Frisch is a party only by virtue of having signed a joint return. Roger Frisch will hereafter be referred to as petitioner.

February 26, 1986. Also on that date, copies of a transcript of our oral findings of fact and opinion were served on the parties by the Clerk pursuant to Rule 152(b). Petitioners then filed their motion for litigation costs and on March 28, 1986, we vacated our decision,[3] and ordered respondent to file a response. No party requested a hearing, and so pursuant to Rule 232(a)(3), we decide the motion without a hearing.[4]

Section 7430 provides, in pertinent part, that a taxpayer who has substantially prevailed in a civil tax proceeding may be awarded a judgment for reasonable litigation costs if he establishes that respondent's position in the proceeding was unreasonable. Petitioners have the burden of establishing unreasonableness. See *DeVenney v. Commissioner*, 85 T.C. 927, 928-930 (1985).

Here petitioners prevailed both with respect to the amount in controversy and to the issues presented. Respondent has not addressed whether petitioners have exhausted their administrative remedies as required by section 7430(b)(2). We find they have. At issue is whether respondent's position was unreasonable.[5]

### *Reasonableness of Respondent's Position*

The record herein reveals that respondent relied on an appraisal which was thoroughly discredited at trial. The appraisal erroneously implied that prices fell after Rockwell's death when in fact they rose precipitously. It also omitted higher-priced comparables, indicating Rockwell's paintings sold at between $4,250 and $9,000, when sales prices really ranged from $4,250 to $65,000. We

[3]Sec. 7430(e) provides that an order granting or denying an award for reasonable litigation costs shall be incorporated as part of the decision and shall be subject to appeal in the same manner as the decision. We therefore vacated our decision of Feb. 26, 1986, so that we could incorporate such order.

[4]We decline to interpret as a motion for a hearing petitioner's statement, made almost incidentally as part of an unrelated discussion in his reply memorandum, that he would like to examine respondent's appeals officer under oath "if he made [statements respondent attributes to him]."

[5]We have previously held that only respondent's post-petition conduct, and not his pre-litigation administrative conduct, may be scrutinized for unreasonableness. *Wasie v. Commissioner*, 86 T.C. 962 (1986), and cases cited therein. Accord *United States v. Balanced Financial Management, Inc.*, 769 F.2d 1440 (10th Cir. 1985). Contra *Powell v. Commissioner*, 791 F.2d 385 (5th Cir. 1986), revg. and remanding T.C. Memo. 1985-27; *Kaufman v. Egger*, 758 F.2d 1 (1st Cir. 1985). The Court of Appeals for the Second Circuit, to which this case is appealable, has not ruled on the point.

are convinced respondent was alerted to these defects in his expert's report and should have investigated further, especially since he had petitioner's appraisal 7 months before trial. Respondent's failure to investigate petitioner's claims or to re-evaluate his own position as new facts came to light was unreasonable. See *Baker v. Commissioner*, 788 F.2d 38 (D.C. Cir. 1986); *Golden v. United States*, an unreported case (W.D. Mo. 1986, 86-2 USTC par. 9626). Cf. *DeVenney v. Commissioner*, 85 T.C. 927 (1985) (respondent's lack of evidence not unreasonable where petitioner did not give respondent sufficient time to follow leads which would have supported petitioner's explanation).

In addition, respondent sought answers from petitioner to a long list of informal interrogatories which were not only burdensome but, more importantly, in large part unrelated to the issues in dispute. After the petition in this case was filed, respondent adopted an inflexible attitude which effectively rejected any settlement negotiations despite petitioner's sustained efforts to engage in such negotiations in a meaningful fashion. Instead, respondent clung to his original position that the painting was worth only $500, less than half the actual cash price petitioner had paid in an arm's-length purchase 5 years earlier. Respondent continued to press a claim of negligence up to and throughout trial, when all evidence pointed to the opposite result.

Under these circumstances, we conclude that respondent consistently adhered to a trial strategy designed to persuade petitioner to capitulate *despite the merits of the case.* This is unreasonable. The legislative history of section 7430 instructs us to consider as a factor in determining unreasonableness "whether the government used the costs and expenses of litigation against its position to extract concessions from the taxpayer that were not justified under the circumstances of the case." H. Rept. 97-404, at 12 (1981).

### Fees for Pro Se Attorney/Petitioner

Section 7430(c)(1)(A), which permits the award of reasonable litigation costs, reads as follows:

(A) IN GENERAL.—The term "reasonable litigation costs" includes—
   (i) reasonable court costs,

(ii) the reasonable expenses of expert witnesses in connection with the civil proceeding,

(iii) the reasonable cost of any study, analysis, engineering report, test, or project which is found by the court to be necessary for the preparation of the party's case, and

(iv) reasonable fees paid or incurred for the services of attorneys in connection with the civil proceeding.

Petitioner is an attorney who appeared on his own behalf. He seeks an award of $1,800 for expert witness fees and $6,000 in attorneys fees representing his own time preparing his case. Respondent concedes the amount claimed for the expert witness is reasonable, and we so hold.

Although petitioner failed to separately list court costs, we take judicial notice of the fact that the fee for filing a petition in the Tax Court on April 25, 1983, when the petition was filed, was $60. We find as a fact that petitioner incurred this court cost.

We hold that petitioner is entitled to an award of $1,860 in litigation costs representing the services of the expert witness and the cost of filing the petition.

We turn now to petitioner's claim of $6,000 for his own services. We note at the outset that the amount petitioner seeks does not fall under court costs, expert witness fees, or reports. To prevail, therefore, he must bring himself within the language of sec. 7430(c)(1)(A)(iv), "reasonable fees paid or incurred for the services of attorneys in connection with the civil proceeding." Petitioner did not *pay* fees to any other attorney. We must therefore decide whether the time spent by petitioner on his own case (when he might instead have been working on a client's case and therefore generating income) is a "fee incurred" for the services of an "attorney" within the meaning of the statute. We hold it is not.

Whether a pro se attorney/petitioner may receive attorneys fees for the value of his own services rendered on his own behalf is an issue of first impression under section 7430;[6] neither has this specific issue been decided under the Equal Access to Justice Act, 28 U.S.C. sec. 2412 (1982) (EAJA).[7]

---

[6]The issue was raised but not reached in *Popham v. Commissioner*, T.C. Memo. 1984-652.

[7]In the context of pro bono representation, several courts have found that under the EAJA legal fees need not be actually incurred to be awarded. See, e.g., *Ceglia v. Schweiker*, 566 F.

Petitioner urges us to follow the reasoning of courts which have allowed attorneys fees to pro se litigants under the Civil Rights Attorneys Fees Awards Act of 1976, 42 U.S.C. sec. 1988 (1982). See, e.g., *Duncan v. Poythress*, 777 F.2d 1508 (11th Cir. 1985), and *Ellis v. Cassidy*, 625 F.2d 227 (9th Cir. 1980).[8]

In *Duncan v. Poythress, supra*, the Court of Appeals reversed the District Court's denial of fees for a pro se attorney-plaintiff on the following grounds:

(1) The absence of any express prohibition in the statute strongly suggests that fee awards should be allowed, unless there is legislative history which provides otherwise;

(2) An attorney representing himself is precluded from other employment while so engaged and clearly suffers a pecuniary loss while preparing and prosecuting the claims in question;

(3) The purpose of the statute is furthered by encouraging attorneys to vindicate important policies;

(4) It would be anomalous to reason that the plaintiff could have recovered attorneys fees had she retained other counsel, but that she should be denied recovery for her representing herself.

Because of differences in the language of 42 U.S.C. sec. 1988 (1982) and sec. 7430, which is the subject of the instant case, the majority opinion in *Duncan* is of questionable precedential value for us. The language of 42 U.S.C. sec. 1988 is as follows:

---

Supp. 118 (E.D. N.Y. 1983). However, the language of the EAJA is not limited to fees "paid or incurred" as in sec. 7430, but permits "costs," "reasonable fees and expenses of attorneys," and "fees and other expenses, in addition to any costs awarded." The issue of fees for pro bono representation is not before us, and we express no opinion on that matter.

[8]The Court of Appeals for the Second Circuit, to which this case is appealable, has also awarded attorneys fees under 42 U.S.C. sec. 1988 (1982) to pro se attorneys. See *Mid-Hudson Legal Services, Inc. v. G & U, Inc.*, 578 F.2d 34 (2d Cir. 1978). That court reversed the denial of an award to lawyers who obtained an injunction restraining farmers from interfering with the lawyers' education of migrant farm workers as to their legal rights. The key finding was that the attorneys brought suit to vindicate a general Federal policy which that section was enacted to promote. The court held that fees need not be denied merely because the legal theory used was that the plaintiff/attorneys' rights had been violated, not those of the migrant workers. This opinion, however, although apparently binding in the 42 U.S.C. sec. 1988 context, did not analyze the general proposition at issue here, i.e., whether compensable attorney fees include lost opportunity costs.

See also *Rybicki v. State Board of Elections*, 584 F. Supp. 849 (N.D. Ill. 1984) (three-judge panel granting fees); contra *Lawrence v. Staats*, 586 F. Supp. 1375 (D. D.C. 1984) (fees denied).

In any action or proceedings to enforce a provision of [the Civil Rights Act of 1964], the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

We note the absence of any requirement that such a fee be actually *paid* or *incurred*, as is required by sec. 7430.

Judge Roney's dissent in *Duncan*, however, is highly relevant to our inquiry. He focused on the meaning of the word "attorney":

Although the majority believes the "plain language" of section 1988 "does not preclude an award of fees to a lawyer representing herself," we have simply been unable to find any definition which permits a decision that a *pro se* lawyer has an attorney. Set forth in an Appendix to this opinion are the definitions found in over two dozen dictionaries. Without exception they define the word "attorney" in terms of someone who acts for *another*, someone who is employed as an agent to represent *another*, someone who acts at the appointment of *another*. A basic principle of agency law is that "[t]here is no agency unless one is acting for and in behalf of *another*, since a man cannot be the agent of himself." 2A C.J.S. *Agency* §27, at 592. For there to be an attorney in litigation there must be two people. * * * The fact that such plaintiff is admitted to practice law and available to be an attorney for others, does not mean that the plaintiff has an attorney, any more than any other principal who is qualified to be an agent, has an agent when he deals for himself. In other words, when applied to one person in one proceeding, the terms *"pro se"* and "attorney" are mutually exclusive. [*Duncan v. Poythress*, 777 F.2d at 1518 (dissenting opinion). Emphasis in original.]

Fees were denied in *Lawrence v. Staats*, 586 F. Supp. 1375 (D. D.C. 1984). The court cited numerous cases where other circuits overwhelmingly concluded that pro se (nonattorney) plaintiffs are not entitled to attorneys fees under 42 U.S.C. section 1988.[9] The court found no principled distinction between the lost opportunity costs of pro se nonattorneys, who cannot recover fees, and pro se litigants who happen to be lawyers. 586 F. Supp. at 1379. But see *Duncan v. Poythress*, 777 F.2d at 1513-1514.

Courts have split on the award of fees to pro se attorneys in Freedom of Information Act cases (FOIA), where "the court may assess the United States reasonable attorneys

---

[9]*Pitts v. Vaughn*, 679 F.2d 311, 312-313 (3d Cir. 1982); *Wright v. Crowell*, 674 F.2d 521, 522 (6th Cir. 1982); *Cofield v. Atlanta*, 648 F.2d 986, 987-988 (5th Cir. 1981); *Lovell v. Snow*, 637 F.2d 170, 171 (1st Cir. 1981); *Davis v. Parratt*, 608 F.2d 717, 718 (8th Cir. 1979); *Owens-El v. Robinson*, 498 F. Supp. 877, 878-880 (W.D. Pa. 1980), affd. 694 F.2d 941 (3d Cir. 1982); *Rheuark v. Shaw*, 477 F. Supp. 897, 928 (N.D. Tex. 1979).

fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed." 5 U.S.C. sec. 552(a)(4)(E) (1982). See, e.g., *Falcone v. IRS*, 714 F.2d 646 (6th Cir. 1983), cert. denied 466 U.S. 908 (1984) (fees denied); *Cazalas v. United States Department of Justice*, 709 F.2d 1051 (5th Cir. 1983) (fees granted); *Cuneo v. Rumsfeld*, 553 F.2d 1360 (D.C. Cir. 1977) (fees granted). In at least one circuit, the FOIA provision has been construed to allow lay persons to obtain "attorneys" fees for their own efforts in FOIA litigation. See *Cox v. United States Department of Justice*, 601 F.2d 1 (D.C. Cir. 1979). Focusing on the specific language of 5 U.S.C. sec. 552(a)(4)(E) (1982), the Court of Appeals for the District of Columbia Circuit has held that foregone income is an "other litigation [cost] reasonably incurred." *Cuneo v. Rumsfeld, supra* at 1366. The Fifth Circuit in *Cazalas* followed that interpretation of the statutory language, but refused to extend the reasoning to pro se nonattorney litigants, noting the difficulty in computing the worth of their "legal" services.

Respondent urges us to adopt the reasoning of the Court of Appeals for the Sixth Circuit, which denied fees to pro se attorneys in FOIA cases.[10] In *Falcone v. IRS, supra*, the court cited three reasons for its denial of fees. First, pro se attorneys do not incur legal costs in representing themselves, and, therefore, never assume the burden Congress intended to ease by the fee provisions. Second, FOIA was intended to encourage potential claimants to seek legal advice before starting litigation which might prevent unnecessary litigation, noting that a pro se attorney is unlikely to have the "detached and objective perspective" necessary to fulfill the aims of the act. Finally, the court was concerned that awarding attorneys fees to pro se plaintiffs may create a "cottage industry" for claimants using the act as a way to generate fees rather than to vindicate legitimate claims.

While some of these arguments are more persuasive in the FOIA setting than in tax litigation, we need not pick and choose among them. The simple truth is that the plain language of section 7430 cannot be read to include lost

---

[10]See also *White v. Arlen Realty & Dev. Corp.*, 614 F.2d 387 (4th Cir. 1980), cert. denied 447 U.S. 923 (1980) (fees denied pro se attorney in Truth-In-Lending Act case).

opportunity costs, but is limited to actual expenditures. The legislative history supports our conclusion:

> The determination of what constitutes a reasonable amount for the expenses, costs, and fees *actually* incurred by a taxpayer in a civil tax action is to be made by the court hearing the action. [H. Rept. 97-404, at 14; emphasis supplied.]

Unlike the Civil Rights Attorneys Fees Awards Act, which provides for allowance of "a reasonable attorney's fee as part of the costs," or the FOIA provision which permits payment of "other litigation costs reasonably incurred," section 7430 is more narrowly drawn. The term "reasonable litigation costs" includes only court costs, expert witness expenses, costs of a study or report, and "reasonable fees *paid or incurred for the services of attorneys.*" (Emphasis added.)

The plain language of the statute controls here in two respects. First, we adopt the reasoning of Judge Roney in his dissenting opinion in *Duncan v. Poythress, supra.* An "attorney" is essentially an agent for another. Without the "other" there can be no attorney, merely a pro se litigant who happens to earn a living as a lawyer. At any given time, an individual can be either a pro se litigant or an attorney, but not both.[11]

Second, petitioner did not pay or incur fees for legal services. Admittedly, he did not pay any money for such services. The common meaning of the word incur is "to become liable or subject to: bring down upon oneself." See Webster's Ninth New Collegiate Dictionary 611 (1985); Webster's New International Dictionary of the English Language 1261 (2d ed. 1958). In representing himself, petitioner did not become liable to another person for attorney fees nor did he bring down upon himself any debt. We therefore hold that petitioner is barred by the plain

---

[11]Our analysis is not changed by sec. 7430(c)(1)(B) which defines attorneys to include individuals authorized to practice before this Court, whether or not they are lawyers. Sec. 7452 and Rule 200 describe those admitted to practice before this Court. A different Rule allows pro se petitioners to represent themselves and also allows other narrowly defined classes of representatives to appear. See Rule 24. We interpret sec. 7430(c)(1)(B) to be applicable only to those authorized to represent another, and not to those appearing on their own behalf. The language "fees for the services of an individual," supports our conclusion.

Petitioner appeared on behalf of himself and Marie L. Frisch regarding their joint liability. We need not consider the effect of such appearance, since there is no evidence or claim that she paid or incurred fees for such service.

language of the statute from recovering compensation for his own time spent in litigating his own case.

Petitioner actually paid or incurred $1,800 for an expert witness fee and $60 court costs. These amounts are reasonable, and we award them to petitioner. We do not believe the statute allows us to reimburse petitioner for his lost time.

To reflect the foregoing,

> *An appropriate order and decision will be entered.*

Reviewed by the Court.

STERRETT, SIMPSON, GOFFE, CHABOT, NIMS, PARKER, WHITAKER, KÖRNER, SHIELDS, HAMBLEN, COHEN, CLAPP, SWIFT, JACOBS, WRIGHT, and WILLIAMS, *JJ.*, agree with this opinion.

GERBER, and WELLS, *JJ.*, did not participate in the consideration of this opinion.