JOHN C. MORAN AND RUTH E. MORAN, PETITIONERS *v.*
COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 17169-85.     Filed April 1, 1987.

*John C. Moran,* for the petitioners.
*Osmun R. Latrobe,* for the respondent.

### OPINION

HAMBLEN, *Judge*: This matter is before the Court on petitioner's motion for litigation costs pursuant to Rule 231.[1]

When this case was called from the calendar at Guthrie, Oklahoma, on June 2, 1986, the parties appeared, filed a stipulation as to settled issues, and informed the Court that petitioners would file a motion for litigation costs. The Court, by order dated June 2, 1986, directed petitioners to file their motion on or before July 2, 1986, and directed respondent to file his response thereto on or before September 2, 1986, which order was complied with by each of the parties. Thereafter, on September 30, 1986, petitioners filed a reply to respondent's response which incorporated information submitted by petitioners pursuant to Rule 232(d).

An examination report was issued by the District Director to petitioners for the taxable year 1981 on October 29,

---

[1]All Rule references are to the Tax Court Rules of Practice and Procedure. Unless otherwise indicated, section references are to the Internal Revenue Code of 1954 as amended.

1984. Petitioners filed a protest thereto on November 8, 1984. The case was sent to the Appeals Office, and on December 27, 1984, an appeals officer sent petitioners a Form 872 requesting that petitioners agree to the extension of the statute of limitations from April 15, 1985. The record does not disclose what amount of time was requested in the extension. The appeals officer contacted petitioner John C. Moran (petitioner) and advised him of the necessity for the request. Petitioner advised that he could not decide on extending the statute until January 11, 1985. The appeals officer advised petitioner that if the Form 872 was returned prior to issuance of the notice of deficiency then the Appeals Office would be able to consider the case. Petitioners did not return the Form 872 to the appeals officer. The notice of deficiency was issued on March 19, 1985.[2]

The record discloses that respondent, in his notice of deficiency, determined a deficiency in petitioners' Federal income tax for the calendar year 1981 in the amount of $15,273.12, together with additions to tax in the amount of $763.66 pursuant to section 6653(a)(1) and an additional amount equal to 50 percent of the interest payable under section 6601 as provided by section 6653(a)(2). The adjustments to income as determined by respondent within the notice of deficiency are as follows:

| | |
|---|---|
| Gross income - unreported interest income | $30,756.90 |
| Long-term capital gain - understated net amount of ordinary income on sale of assets | 1,115.70 |
| Travel and entertainment - disallowed such expenses in total as unsubstantiated | 12,134.11 |

Pursuant to Rule 231(c), the parties filed the following stipulation as to settled issues:

| Issues per notice of deficiency | Adjustment to notice of deficiency per settlement (decrease) |
|---|---|
| Gross income | ($19,794.89) |
| Long-term capital gain | No change |
| Travel and entertainment expense | (1,612.91) |
| *Issues raised by petitioners* | |
| Rental income | (2,706.33) |

---

[2]As this case was commenced prior to Dec. 31, 1985, the provisions of the Tax Reform Act of 1986 which modify sec. 7430 are not applicable. See sec. 1551, Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 1752.

|  | Adjustment to notice of deficiency |
| Issues per notice of deficiency | per settlement (decrease) |
| --- | --- |
| Miscellaneous | ($131.24) |
| Assignment of income | (5,460.00) |
| Taxable income per settlement | 23,619.34 |
| Taxable income per return | 9,318.00 |
| Tax liability per settlement | 6,941.00 |
| Tax liability per return | 3,691.00 |
| Deficiency in tax per settlement | 3,250.00 |
| Addition to tax | None |

An examination of the notice of deficiency, the pleadings, the information contained in the motions and exhibits, and the stipulation of settlement filed by the parties discloses that the issues before the Court and the facts in dispute concern understated income and overstated expenses relating to the law practice of petitioner.[3] Simply stated, this is a substantiation case. The parties have stipulated to a settlement which increased petitioners' gross income in the amount of $10,962.01 due to unreported interest income and which disallowed travel and entertainment expenses in the amount of $10,521.20. Petitioners move that this Court award litigation costs in the amount of $9,275.[4]

Pursuant to section 7430, the "prevailing party" in any civil proceeding brought by or against the United States in connection with the determination, collection, or refund of any tax, interest, or penalty under the Internal Revenue Code may be awarded reasonable litigation costs incurred in such proceeding. In order to award litigation costs to petitioners, we must determine whether (1) petitioners exhausted all administrative remedies available within the Internal Revenue Service within the meaning of section 7430(b)(2) and, if so, (2) whether petitioners satisfy the statutory definition within section 7430(c)(2) of the term "prevailing party."

---

[3]Petitioners concede the adjustment to income concerning the long-term capital gain item within their petition.

[4]Petitioners' claim for litigation costs is as follows:

| | |
| --- | --- |
| 56.8 3 hours at $150 | $8,525 |
| C.P.A. fees | 750 |
| | 9,275 |

Petitioner asserts overreaching and inconsiderate conduct and performance on behalf of respondent's examining agent. Respondent counters with similar contentions as to petitioner, relating that a subpoena was issued with respect to petitioner's records and that petitioner refused to consent to an extension of the statute of limitations after filing a protest with the Appeals Division which precluded consideration of the case at the administrative level. Continuing accusations and countering responses appear throughout the record and, it seems to us, are somewhat done "tongue in cheek" by petitioner. For example, petitioner stated that "his research indicated that the 'burden of establishing the correct amount of tax' was on employees of the Internal Revenue Service." Such a statement is indeed peculiar, considering that petitioner asserts he is an experienced tax lawyer. It has long been the rule, with certain exceptions not pertinent here, that petitioners bear the burden of proof in a substantiation case. *Welch v. Helvering*, 290 U.S. 111 (1933); Rule 142. We find no evidence in the record that respondent acted arbitrarily or with the intent to harass petitioners. Petitioners offered no evidence to support a finding that respondent was unreasonable to condition settlement upon substantiation. Furthermore, we find no evidence that the Government used the costs and expenses of litigation to extract concessions from petitioners. *DeVenney v. Commissioner*, 85 T.C. 927, 930 n. 8 (1985), citing H. Rept. 97-404, at 12 (1981).

While we understand that the mere experience of an income tax examination can provoke trauma, we are dismayed that a tax practitioner of petitioner's represented experience and standing would display the uncooperative and negatively aggressive attitude which is reflected in the mirror of the record before us. Petitioner's assertion that respondent bears the burden of substantiating petitioners' tax liability connotes tax protester concepts which should be taboo for an experienced tax lawyer. See, e.g., *Rowlee v. Commissioner*, 80 T.C. 1111 (1983). Petitioner's attempt to recover litigation costs under circumstances so patently reasonable as is respondent's position here, in what is essentialy a substantiation case, convinces us that peti-

tioner was unwilling to resolve this matter at the administrative level.

Based upon our recent holding in *Minahan v. Commissioner,* 88 T.C. 492 (1987), petitioners have exhausted their administrative remedies. Petitioners filed a pre-petition protest with the Appeals Office. However, this case was not settled at the pre-petition level because the Appeals Office requested additional time to consider the protest.[5] Although it is obvious that this case could and should have been settled at the pre-petition level based upon the ultimate settlement outcome, petitioners are not required to consider agreeing to such an extension under *Minahan* and can, instead, invoke the jurisdiction of this forum. Accordingly, we turn now to the question whether petitioners satisfy the statutory definition within section 7430(c)(2) of the prevailing party standard.

The statutory definition of the term "prevailing party" is satisfied where petitioners (1) substantially prevailed with respect to the amount in controversy or with respect to the most significant issue or set of issues presented, and (2) establish that the position of the United States in the civil proceeding was unreasonable. Sec. 7430(c)(2)(A). Respondent states that, "Respondent concedes that petitioners have substantially prevailed as to the amount in controversy, if such is measured by which party prevailed as to the majority of the dollars at issue." However, due to our determinations herein, we need not address the section 7430(c)(2)(A)(ii) prong of the "prevailing party" inquiry.

As a primary condition to the "prevailing party" standard, petitioners must establish that the position of the United States in the civil proceeding was unreasonable. Sec. 7430(c)(2)(A)(i). The reasonableness of respondent's position and any fees or costs awarded under section 7430 are to be measured from the date the petition was filed. *Baker v. Commissioner,* 83 T.C. 822, 827 (1984), vacated and remanded on other grounds 788 F.2d 38 (D.C. Cir. 1986); *United States v. Balanced Financial Management, Inc.,* 769

---

[5]See *Minahan v. Commissioner,* 88 T.C. 492 (1987) (Hamblen, J., concurring and dissenting at 509-516). I continue to adhere to my opinion as expressed there and would hold that petitioners have not exhausted their administrative remedies. Consequently, I would deny their motion for litigation costs on that basis. Petitioners' motion is totally without merit and is unwarranted.

F.2d 1440, 1450 (10th Cir. 1985); see *Golsen v. Commissioner*, 54 T.C. 742 (1970), affd. 445 F.2d 985 (10th Cir. 1971). Petitioners bear the burden of proof as to whether respondent's position is unreasonable. *DeVenney v. Commissioner*, 85 T.C. 927, 928-930 (1985). The determination of reasonableness is made on the basis of the facts and circumstances surrounding the case. *Wasie v. Commissioner*, 86 T.C. 962, 968-969 (1986).

As of the date the petition in this case was filed, the following issues were not resolved: (1) Whether petitioners received unreported interest income in the amount of $30,756.90, and (2) whether petitioners were entitled to deduct travel and entertainment expenses in the amount of $12,134.11 as claimed on their 1981 joint Federal income tax return. The stipulation of settlement reveals that petitioners substantiated or decreased the adjustment to interest income in the amount of $19,794.89 and substantiated the amount of $1,612.91 of the asserted travel and entertainment expenses. The record discloses that the overstated travel and entertainment expenses were primarily incurred by petitioners' son in the vicinity of the school which he attended. This case is one of simple substantiation. Petitioners have failed to substantiate almost 87 percent of the asserted travel and entertainment expenses resulting in the disallowance of such expense in the amount of $10,521.20. Furthermore, petitioners omitted the amount of $10,962.01 interest income as determined by respondent. In this context, we find that respondent's position in the civil proceeding was reasonable.[6]

Finally, we note that, even if petitioner had been a prevailing party, if respondent's position had been unreasonable, we could not have awarded attorney fees to petitioner as he was acting pro se. See *Frisch v. Commissioner*, 87 T.C. 838 (1986).

Based on the foregoing,

> *An appropriate order and decision will be entered.*

---

[6]*Porter v. Commissioner*, T.C. Memo. 1986-465.