I. RAYMOND KREMER and CLARE KREMER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kremer v. Commissioner
Docket No. 42154-84.
United States Tax Court
T.C. Memo 1987-595; 1987 Tax Ct. Memo LEXIS 594; 54 T.C.M. (CCH) 1242; T.C.M. (RIA) 87595; December 3, 1987. Barry A. Furman, for the petitioners. James C. Fee, for the respondent. SWIFT
MEMORANDUM *595 OPINION SWIFT, Judge: This matter is before the Court on petitioners' motion for an award of litigation costs under section 7430 and Rules 230 and 231. [1] Petitioners seek recovery of the following costs: Filing Fee
$     60.00
Fees Paid to Attorney Furman
8,727.40
Disbursements by Attorney Furman
500.00
Fees Paid to Accountant
1,500.00
Reimbursement to Petitioners
for Pro Se Representation
50,000.00
Total
$ 60,787.40
On September 26, 1984, respondent mailed to petitioners a notice of deficiency determining deficiencies in petitioners' Federal income tax liabilities in the amounts of $ 54,500 for 1978 and $ 7,405 for 1979. Petitioners filed their petition in this case claiming, among other things, that with one small exception the issues raised in the notice of deficiency had been conceded by respondent prior to the issuance of the notice of deficiency. After extensive efforts by petitioners, respondent finally has *596 acknowledged error in his notice of deficiency and has agreed that the correct amounts of the tax deficiencies owed by petitioners are $ 753 for 1978 and $ 1,188 for 1979. In opposing petitioners' motion for litigation costs, respondent concedes that most of the requirements for an award of litigation costs have been satisfied. Respondent concedes that petitioners have exhausted their administrative remedies (sec. 7430(b)(2)), that the positions on the issues raised in the notice of deficiency are the prevailing party herein (sec. 7430(c)(2)(A)). With the exception, however, of the $ 60 filing fee which respondent concedes should be awarded to petitioners, respondent argues that the litigation costs claimed by petitioners are unreasonable and are too vague and general to quality as reimbursable litigation costs under section 7430(c)(1) and Rule 231. Petitioners have submitted lengthy affidavits detailing the unfortunate series of administrative missteps that occurred in respondent's handling of petitioners' Federal income tax liabilities for 1978 and 1979. In large part, petitioners' allegations have not been challenged by respondent, and we accept them as true. Petitioners *597 clearly have incurred substantial legal fees, expert witness fees, and significant inconvenience in attempting to resolve the tax issues reasonably raised in respondent's notice of deficiency. Some compensation to petitioners in the form of an award of litigation costs is appropriate, and respondent in principle does not contend otherwise. Rule 231(d) requires that petitioners submit a detailed description of the nature and amount of "each item of costs paid or incurred for which an award is claimed." Petitioners have submitted an affidavit of attorney Furman describing the services and categorizing the fees and hours on which the claim for $ 8,727.40 relating to his services is based. Under the facts of this case, the affidavit of attorney Furman satisfied the requirements of Rule 231(d). Petitioners are awarded litigation costs of $ 8,727.40 with respect to the legal services of attorney Furman. The affidavit of attorney Furman also substantiates the payment by him on petitioners' behalf of $ 500 in expert witness fees and $ 60 in filing fees. Such fees are reasonable and also are awarded to petitioners under section 7430. With regard to the two remaining amounts in dispute *598 (namely, $ 1,500 in accounting fees and $ 50,000 to reimburse petitioners for their personal time in dealing with this matter), petitioners' moving papers are extremely vague and general. Inadequate substantiation has been provided therefor, and petitioners have not complied with Rule 231(d). Accordingly, petitioners' motion for an award of litigation costs with regard to these two items is denied. See also Frisch v. Commissioner,87 T.C. 838 (1986), and section 7430(b)(1), which latter provision limits an award of litigation costs with respect to petitioners filed prior to 1986 to a total of $ 25,000. An appropriate order and decision will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect for petitions filed in this Court prior to 1986, and all rule references are to the Tax Court Rules of Practice and Procedure. ↩