T.C. Memo. 1998-313


UNITED STATES TAX COURT


JAMES TRIPLETT, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 27864-96.                    Filed August 25, 1998.


James Triplett, pro se.

<u>James W. Ruger</u> and <u>John A. Freeman</u>, for respondent.


MEMORANDUM OPINION

PAJAK, <u>Special Trial Judge</u>:  This case is before the Court
pursuant to petitioner's motion for litigation and administrative
costs under section 7430 and Rules 230 through 233.  Unless
otherwise indicated, all section references are to the Internal
Revenue Code.  All Rule references are to the Tax Court Rules of
Practice and Procedure.

Petitioner's motion was filed on May 7, 1998.  Petitioner

claimed the following administrative and litigation costs:

| Administrative Cost | Estimated |
|---|---|
| 1. Long Distance Calls | $ 60 |
| 2. Costs of study, analysis, test, project necessary for the preparation of taxpayer's appeal- Attorney and CPA costs | 7,125 |
| 3. Meals, Mileage & Parking | 300 |
| 4. Postage | 50 |
| 5. Photocopying Costs - includes 'to and from travel' to copy machine facility | 2,200 |
| 6. Office wages for net worth computation work | 1,500 |

| Litigation Cost | |
|---|---|
| 7. Long Distance Calls | 45 |
| 8. Meals, Mileage & Parking | 250 |
| 9. Postage | 50 |
| 10. Computer Research Costs | 850 |
| 11. Photocopying Costs- includes 'to and from travel' to copy machine facility | 1,500 |
| 12. Filing fee | 50 |
| 13. Office wages litigation | 1,200 |
| 14. Total | $15,120[1] |

[1] Actual total is $15,180.

Respondent's response was filed on June 29, 1998. By order dated July 6, 1998, this case was assigned to Special Trial Judge John J. Pajak pursuant to Rules 180-183 for the purpose of disposing of petitioner's motion.

Neither party requested a hearing on petitioner's motion. Rule 232(a). Accordingly, we rule on petitioner's motion on the basis of the parties' submissions and the record in this case. The underlying issues raised in the petition were settled by a stipulation of settlement. At the time the petition was filed petitioner resided in Columbus, Ohio.

By notice of deficiency, respondent determined the following deficiency and additions to tax in petitioner's 1981 Federal income tax:

| | Addition to Tax | | | |
| Deficiency | Sec. 6651(a)(1) | Sec. 6653(a)(1) | Sec. 6653(a)(2) | Sec. 6654 |
| --- | --- | --- | --- | --- |
| $14,172.83 | $3,543.21 | $708.64 | 1 | $1,085.00 |

1  50 percent of the interest due on $14,172.83

Under section 7430, a taxpayer may be awarded a judgment for reasonable administrative and litigation costs if the taxpayer establishes certain criteria and if respondent fails to establish that the position of respondent was substantially justified. Respondent concedes that petitioner substantially prevailed for purposes of section 7430(c)(4)(A)(i).  Respondent maintains that his position was substantially justified.

In deciding the merits of a motion for litigation and administrative costs, there are two time periods the Court must consider.  For administrative costs, the Court considers the reasonableness of respondent's position from the earlier of the date of receipt by the taxpayer of the notice of decision by the Office of Appeals or the date of the notice of deficiency.  Sec. 7430(c)(7)(B).  For litigation costs, the Court considers the reasonableness of respondent's position from the date the answer was filed.  Sec. 7430(c)(7)(A).  Whether respondent's position was substantially justified turns on a finding of reasonableness, based upon all the facts and circumstances, as well as the legal precedents relating to the case.  Pierce v. Underwood, 487 U.S.

552 (1988); Sher v. Commissioner, 89 T.C. 79, 84 (1987), affd. 861 F.2d 131 (5th Cir. 1988). A position is substantially justified if the position is "justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, supra at 565. The Court must "consider the basis for respondent's legal position and the manner in which the position was maintained." Wasie v. Commissioner, 86 T.C. 962, 969 (1986). The fact that respondent eventually loses or concedes a case does not establish an unreasonable position. Sokol v. Commissioner, 92 T.C. 760, 767 (1989). The reasonableness of respondent's position and conduct necessarily requires considering what respondent knew at the time. DeVenney v. Commissioner, 85 T.C. 927, 930 (1985).

In this case, the notice of deficiency was issued on September 30, 1996, the petition was filed by petitioner pro se on December 27, 1996, the amended petition was filed on March 3, 1997, and respondent's answer to the amended petition was filed on April 11, 1997.

Petitioner's 1981 Federal income tax return was due on April 15, 1982. The return was not timely filed. In 1985, one of respondent's revenue officers spent over 6 months in order to collect certain taxes owed by entities controlled by petitioner and to ascertain whether petitioner had filed his own individual income tax returns. The revenue officer discovered petitioner had not filed his 1981 individual income tax return. Thereafter,

petitioner and the revenue officer discussed the unfiled 1981 tax return. On September 13, 1985, petitioner sent his untimely original 1981 income tax return dated "9/13/85", which showed no tax due, to the revenue officer. Petitioner in his cover letter indicated that the return was recently prepared.

When the revenue officer received petitioner's document, he found one "Schedule C" business was on a marked-up 1982 Form 1120S, U.S. Small Business Corporation Income Tax Return, and another on a marked-up 1980 Form 990, Return of Organization Exempt from Income Tax. Petitioner called and asked the revenue officer if it was "all right". The revenue officer told him that the businesses should be reported on Schedules C. Apparently, it was agreed that the return would be returned to petitioner, together with the proper schedules for preparing a correct return. The revenue officer indicated in his records that petitioner would complete the schedules and file a correct return. Petitioner failed to do so. The revenue officer did not retain a copy of the untimely original 1981 income tax return in respondent's administrative file. Shortly thereafter, respondent's Criminal Investigation Division (C.I.D.) commenced a criminal investigation of petitioner.

Respondent finished the examination of petitioner's income tax for the tax year 1981 after the conclusion of the criminal

investigation and conviction of petitioner for filing a false income tax return for the tax year 1984.

On November 2, 1995, respondent sent a 30-day letter to petitioner, which afforded petitioner an opportunity for an Appeals conference with respondent's Office of the Regional Director of Appeals.

On December 27, 1995, respondent received petitioner's protest of respondent's determination of his 1981 income tax liability. Petitioner failed to raise a statutory period of limitations defense in his protest. In the Appeals Transmittal Memorandum and Supporting Statement, respondent's Appeals Officer stated that petitioner did not raise any tax issues relating to the period in issue, instead accusing the Internal Revenue Service and its employees of criminal acts.

Respondent issued the notice of deficiency to petitioner on September 30, 1996.

We must identify the point at which the United States is first considered to have taken a position, and then decide whether the position taken from that point forward was or was not substantially justified. The "substantially justified" standard is applied as of the separate dates that respondent took positions, first in the administrative proceedings and afterwards in the proceedings in this Court.

There is no evidence in the record of a notice of decision by the Office of Appeals. For purposes of the administrative proceedings in this case, respondent's position is that which was articulated in the notice of deficiency, issued on September 30, 1996. For purposes of the court proceedings in this case, respondent's position is that which is set forth in the answer to the amended petition on April 11, 1997.

We now consider the administrative costs issue. Petitioner failed to comply with the requirements of Rules 231(d) and 232(d) even though he asserted in his motion that he had read Rule 232. He did not provide us with the detailed information required under the Rules. Thus, we are presented with a motion which on its face contains mere estimates. Without more, we cannot say that these costs are reasonable. In fact, we believe some of the costs are patently unreasonable, e.g., $2,200 for photocopying. There is no indication in the record that any attorney or C.P.A. was involved in this case. We have long held that fees recoverable under section 7430 do not include a pro se litigant's own time, even if that person should be an attorney. <u>Frisch v. Commissioner</u>, 87 T.C. 838 (1986). On this record, we cannot find that petitioner incurred "reasonable administrative costs" within the meaning of section 7430.

Further, in the notice of deficiency, respondent determined a deficiency based on the net worth method, made other

adjustments, and determined additions to tax.  Respondent was entitled to use any reasonable method to determine petitioner's income.  Petzoldt v. Commissioner, 92 T.C. 661, 693 (1989); Michas v. Commissioner, T.C. Memo. 1992-161.  Accordingly, we find that respondent's administrative position was substantially justified.

We now turn to the proceedings before this Court.  On March 3, 1997, petitioner filed his amended petition.  Petitioner did not raise the period of limitations issue until he filed his amended petition, more than 5 months after respondent issued the notice of deficiency.  If petitioner were deemed to have filed a return in 1985, the period of limitations would have run.  See sec. 6501.

Section 7430(b)(1) provides in pertinent part that:  "A judgment for reasonable litigation costs shall not be awarded * * * in any court proceeding unless the court determines that the prevailing party has exhausted the administrative remedies available to such party within the Internal Revenue Service."  To meet this requirement, a party must disclose to the Appeals Office "all relevant information regarding the party's tax matter to the extent such information and its relevance were known or should have been known to the party" at the time of the conference.  Sec. 301.7430-1(b)(2), Proced. & Admin. Regs.  As set forth above, petitioner failed to discuss his tax issues and

failed to raise the period of limitations issue during the conference. Accordingly, we determine that petitioner did not exhaust his administrative remedies available within the Internal Revenue Service. Thus, on this basis alone petitioner is not entitled to the litigation costs requested in his motion.

In his answer to the amended petition, respondent requested that the determination in the notice of deficiency in all respects be approved. On June 4, 1997, within 60 days after answering the amended petition, respondent wrote to petitioner and requested a copy of the 1981 income tax return that petitioner had attempted to file through the revenue officer. Respondent received no answer from petitioner. On July 22, 1997, respondent sent a followup letter to petitioner. On August 11, 1997, petitioner responded by asking whether respondent had a copy of the 1981 income tax return. Petitioner did not reveal that he had the original document in his possession. On November 18, 1997, respondent replied to petitioner's letter, stating that respondent did not have a copy of the return and requested a copy of the return from petitioner for the third time. Petitioner did not provide respondent with a copy of the 1981 tax return until March 20, 1998, the Friday before the Monday, March 23, 1998, trial session during which the case was to be heard. Respondent then conceded the case, even though the exchange of the document by petitioner at this late date violated the Court's Pre-Trial

Order.  At that time in 1998, respondent determined the 1981 return tendered by petitioner to the revenue officer in 1985 constituted a valid tax return and conceded this case solely on the grounds that the period of limitations had run.  Although respondent ultimately conceded this matter, we find the revenue agent had a reasonable basis in fact and in law to question the return tendered in 1985.  Based on these facts, the position of the United States before this Court was substantially justified.

Further, we also conclude that petitioner unreasonably protracted the Court proceedings.  Sec. 7430(b)(3).  Petitioner delayed resolution of this case in this Court proceeding because he did not provide the copy of the 1981 return to respondent until the eve of trial.  Among other things, petitioner's action caused respondent to submit a motion under Rule 91(f), a trial memorandum, and three motions to quash subpoenas.  The Court held a conference call with the parties and by a March 20, 1998, Order set respondent's motions to quash subpoenas for hearing on March 23, 1998.  All these acts could have been avoided if petitioner had provided respondent the copy of petitioner's 1981 income tax return in response to respondent's June 4, 1997, letter.

For all the foregoing reasons, petitioner's motion for litigation and administrative costs is denied.

An appropriate order and decision will be entered.