T.C. Memo. 2007-108

UNITED STATES TAX COURT

NEIL MALCOLM COWIE AND KAREN CHRISTINE SHUNK, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1189-06.                    Filed April 30, 2007.

Neil Malcolm Cowie and Karen Christine Shunk, pro se.

<u>William J. Gregg</u>, for respondent.

MEMORANDUM OPINION

WELLS, <u>Judge</u>:  The instant matter is before the Court on petitioners' motion for reasonable administrative and litigation

costs[1] pursuant to Rule 231[2] and section 7430.  The issues we must decide are whether petitioners were the prevailing party within the meaning of section 7430 and whether petitioners have substantiated any recoverable costs.  For the reasons stated below, petitioners' motion for reasonable costs will be denied.

## Background

At the time of filing the petition, petitioners resided in Washington, D.C.  Petitioner Neil M. Cowie (Mr. Cowie) is an attorney licensed to practice law in the Commonwealth of Virginia.  Petitioners proceeded pro se at all times relevant to the instant motion.

Mr. Cowie and his father, Dr. James B. Cowie (Dr. Cowie), agreed in August 1998 that Mr. Cowie would invest funds provided by Dr. Cowie for Dr. Cowie's benefit.  To avoid paying two sets of transaction fees and to save time, Mr. Cowie deposited funds provided by Dr. Cowie into Mr. Cowie's existing brokerage account.

---

[1]Although petitioners titled the instant motion "MOTION FOR LITIGATION COSTS", it appears that petitioners are seeking both administrative and litigation costs.  We will consider the instant motion as a motion for both administrative and litigation costs.

[2]Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code, as amended.

Mr. Cowie provided regular reports regarding the investments to Dr. Cowie. Likewise, Mr. Cowie provided the information necessary for Dr. Cowie to complete his annual tax returns.

Mr. Cowie and Dr. Cowie reported their respective shares of the taxable transactions from Mr. Cowie's brokerage account on their tax returns. The brokerage firm, however, issued only one Form 1099-B, Proceeds From Broker and Barter Exchange Transactions 2003, to Mr. Cowie reporting all of the account's taxable activity.

On February 7, 2005, respondent sent petitioners a draft CP2501 notice listing 75 items where a discrepancy occurred between the amounts reported by the brokerage firm on Form 1099-B, and those reported on petitioners' return for taxable year 2003. On March 31, 2005, petitioners responded, stating that the full amount of each transaction was reported by Mr. Cowie and Dr. Cowie on their respective returns and providing supporting information.

Petitioners received a CP2000 notice dated June 20, 2005, stating that respondent had not received a response to the February 7, 2005, notice. On June 22, 2005, petitioners sent their response again. Subsequently, petitioners received a letter dated August 22, 2005, that requested that petitioners provide information on a completed Schedule D, Capital Gains and Losses.

On September 2, 2005, petitioners telephoned the Internal Revenue Service (IRS) to determine what additional information was needed. The IRS representative indicated that petitioners should provide Dr. Cowie's name, address, and Social Security number. Petitioners allege they sent the IRS a facsimile with Dr. Cowie's information on September 5, 2005.

The September 5, 2005, facsimile was not in the administrative file when respondent answered the petition. Respondent's counsel received this facsimile from petitioners on March 13, 2006. Respondent's counsel forwarded this facsimile to the Appeals Office.

On October 17, 2005, respondent issued a statutory notice of deficiency to petitioners. The notice determined income tax due and an addition to tax for taxable year 2003. Respondent based the determination on information from third-party payors which indicated that petitioners underreported interest, dividend, and capital gain income of $2,180, $1,016, and $287,110, respectively. The underreported income resulted in a determined deficiency of $98,541, plus penalties and interest of $19,708.

On January 17, 2006, petitioners filed their petition. On October 4, 2006, the parties filed a stipulation with the Court disposing of all of the issues raised in the notice of deficiency. On January 12, 2007, petitioners filed the instant motion.

## Discussion

The prevailing party in a Tax Court proceeding may be entitled to recover administrative and litigation costs. See sec. 7430(a); Rule 231. However, a taxpayer will not be treated as the prevailing party if the Commissioner's position was substantially justified. Sec. 7430(c)(4)(B); see Pierce v. Underwood, 487 U.S. 552, 565 (1988). The fact that the Commissioner concedes is not determinative of the reasonableness of the Commissioner's position. Wasie v. Commissioner, 86 T.C. 962, 969 (1986). The taxpayer bears the burden of proving he meets the requirements in section 7430 for an award of costs, except that the taxpayer will not be treated as the prevailing party if the Commissioner establishes that the position of the Commissioner was substantially justified. See Rule 232(e).

The Court determines the reasonableness of respondent's position as of the time respondent took the position. Sec. 7430(c)(7). Respondent took a position in the administrative proceeding as of the date of the notice of deficiency. Sec. 7430(c)(7)(B). In the judicial proceeding, respondent took a position when respondent filed the answer. Sec. 7430(c)(7)(A); Huffman v. Commissioner, 978 F.2d 1139, 1144-1147 (9th Cir. 1992), affg. in part, revg. in part on other grounds and remanding T.C. Memo. 1991-144. Respondent's administrative and litigation positions are substantially justified if they have a reasonable

basis in both law and fact.  See <u>Maggie Mgmt. Co. v. Commissioner</u>, 108 T.C. 430, 443 (1997).  Respondent is entitled to a reasonable amount of time to evaluate information before changing his position or conceding an issue.  See <u>Sokol v. Commissioner</u>, 92 T.C. 760, 766-768 (1989).

We conclude that respondent's position was reasonable and substantially justified in both the administrative and litigation proceedings.  A significant factor in determining whether the Commissioner's position is substantially justified as of a given date is whether the taxpayer has presented all relevant information under the taxpayer's control to the appropriate IRS personnel.  Sec. 301.7430-5(c)(1), Proced. & Admin. Regs. Petitioners failed to provide the requisite information about Dr. Cowie for respondent to verify that all the income from the brokerage account had been reported before September 5, 2005. Petitioners allege that on that date they sent to respondent a facsimile containing that information, but respondent's counsel did not have that information until after the answer was filed. Once respondent's counsel sent the requisite information to the Appeals Office, respondent conceded the instant case. Accordingly, we hold that respondent's position in the administrative and litigation proceedings was substantially justified, and that petitioners are not entitled to recover their administrative or litigation costs.

Petitioners bear the burden of proving the reasonableness of the costs claimed. See Rule 232(e); <u>Powers v. Commissioner</u>, 100 T.C. 457, 491 (1993), affd., in part, revd. in part and remanded 43 F.3d 172 (5th Cir. 1995). Petitioners proceeded pro se. A pro se litigant, even though an attorney, is not entitled to an award of attorney's fees under section 7430. <u>Frisch v. Commissioner</u>, 87 T.C. 838 (1986). Congress intended section 7430 as a fee shifting statute. <u>Id.</u> at 840. However, petitioners "did not pay or incur fees for legal services". <u>Id.</u> at 846.

Additionally, petitioners did not specify an award amount. The motion lists only "at least 15 hours on the telephone", "at least twenty five hours generating the Petition", "at least ten hours generating this motion", and "many additional hours marshalling and copying paperwork". The recitation of time spent does not include dates or descriptions of the work done. Petitioners argue that Mr. Cowie's time is worth at least $125 per hour.[3]

---

[3]$125, as increased by a cost-of-living adjustment, is the maximum hourly rate provided in sec. 7430(c)(1)(B)(iii), absent special circumstances.

We have considered all of petitioners' contentions, and, to the extent they are not addressed herein, they are irrelevant, moot, or without merit.

To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.