T.C. Summary Opinion 2008-77

UNITED STATES TAX COURT

KEITH ROBERT CALDWELL, SR., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 22000-06S.               Filed July 1, 2008.

Keith Robert Caldwell, Sr., pro se.

<u>William J. Gregg</u>, for respondent.

PANUTHOS, <u>Chief Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed. Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.  Unless otherwise indicated, subsequent section references are to the Internal

Revenue Code as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent conceded this case in full. Petitioner advised the Court that he intended to file a motion for administrative and litigation costs. The Court provided the parties an opportunity to file a stipulation of settled issues, but the parties were unable to agree on the terms of a settlement document. We also provided petitioner an opportunity to file a motion for administrative and litigation costs. We must now consider: (1) The terms of a decision to be entered, and (2) petitioner's motion for administrative and litigation costs.

## Background

Petitioner was divorced on December 29, 1988. The Final Decree (final decree) of divorce entered by the Chancery Court in Montgomery County, Tennessee, requires that, following his retirement from the U.S. Army and until the death of either party, petitioner shall pay as alimony 40 percent of his disposable military pension to Sueann Pak Caldwell, his former spouse (Ms. Pak), by way of direct allotment from the payor to Ms. Pak. The Defense Finance and Accounting Service (DFAS) began paying 40 percent of petitioner's disposable military pension to Ms. Pak in 1997. These direct allotments continued through the year in issue.

Respondent issued two notices of deficiency to petitioner for tax year 2004. In the first notice, dated May 9, 2006, respondent disallowed petitioner's claimed alimony deduction and determined a deficiency of $2,296. Petitioner provided respondent a portion of his 1988 final decree and information regarding an automatic direct allotment from his military pension. Respondent's Utah service center was not satisfied with petitioner's documentation, asserting that petitioner did not prove that the alimony was actually paid to Ms. Pak. Petitioner did not file a timely petition in response to the first notice of deficiency.

Respondent later determined that petitioner failed to include his military pension in his income for 2004.[1] On September 20, 2006, respondent issued a second notice of deficiency determining a $7,206 deficiency related to unreported income and a $1,441 accuracy-related penalty under section 6662(a). Petitioner resided in Virginia when he filed a timely petition for redetermination in response to the second notice of deficiency.

---

[1] Petitioner included his military pension on line 7 of his 2004 Federal income tax return, together with his wage income. He should have reported the retirement income separately on line 16.

Respondent prematurely assessed the deficiency and penalty determined in the September 20, 2006, notice of deficiency.[2] Notwithstanding petitioner's filing a petition and the Court's serving the petition on respondent, respondent nevertheless issued collection notices, including levy notices, to petitioner between November 2006 and June 2007.[3]

An Appeals officer in respondent's Appeals Office wrote to petitioner on June 5, 2007, to arrange a pretrial conference with Appeals. She informed petitioner that she intended to reverse the determination in the second notice of deficiency (that petitioner failed to report his military pension) because it was clear that petitioner did report the income, just in the wrong place. See supra note 1. The Appeals officer sought further proof that the allotment was paid to Ms. Pak and questioned whether the allotment (a) paid alimony or (b) divided his

---

[2] The assessment occurred on Oct. 2, 2006, well within the 90-day period provided for petitioner to petition for redetermination and during which time assessment, levy, and collection are prohibited. Sec. 6213(a).

[3] At the trial of this matter on Oct. 9, 2007, counsel for respondent reported that respondent had abated the entire sec. 6662(a) accuracy-related penalty assessment and part of the deficiency assessed. The deficiency assessment was abated to the level of the deficiency determined in the first notice of deficiency, leaving only the assessment for the amount of the deficiency resulting from the disallowance of petitioner's claimed alimony deduction. The amount of the remaining assessment was $2,296.

retirement benefits pursuant to a qualified domestic relations order.[4]

At trial petitioner provided documentary evidence which satisfied respondent that the payments were properly characterized as alimony; to wit, a complete copy of the December 29, 1988, final decree.  However, respondent continued to question whether the military pension petitioner reported on his 2004 Federal income tax return represented:  (a) Petitioner's gross retirement benefits, or (b) such benefits reduced by the allotment paid to Ms. Pak.  Respondent's counsel indicated that respondent would be prepared to concede this case upon proof that the allotment was paid to Ms. Pak and that petitioner's 2004 Form 1099-R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., included his full military pension income.

The Court held the record open after trial, providing the parties additional time to clarify the record as to the amount reported as petitioner's military pension and the payments made to Ms. Pak.

---

[4] The statement from the Defense Finance and Accounting Service (DFAS), dated May 5, 2006, contained in the record and provided to respondent by petitioner, reflects a discretionary allotment paid from petitioner's military pension to a specific bank.  It does not indicate to which account or for whose benefit DFAS made the payments.  Apparently, respondent was also not satisfied by the excerpt from petitioner's final decree that the payments are unequivocally alimony.

In a status report, respondent advised that he had sent petitioner proposed stipulated decision documents reflecting respondent's full concession; i.e., no deficiency and no penalty due from petitioner for 2004.  The Court closed the record and ordered the parties to submit settlement documents on or before February 18, 2008.  We advised the parties that if no settlement documents were received, the Court would be inclined to enter a decision of no deficiency and no penalty under section 6662(a) due from petitioner for taxable year 2004.

The Court received a letter from petitioner, filed as petitioner's status report, wherein petitioner indicated he would not execute decision documents reflecting respondent's concession and suggested that he might seek administrative and litigation costs under section 7430.

The parties provided oral status reports at a subsequent hearing.  The parties indicated that they had been unable to negotiate a stipulation of settled issues or a settlement document which both parties could sign,[5] and petitioner indicated his desire to seek administrative and litigation costs pursuant to section 7430 and Rules 230-233.

---

[5] Petitioner sought to include a stipulation related to his tax refund for tax year 2005.  Respondent refused to execute a stipulation as to 2005 because only tax year 2004 is before the Court.  Petitioner also sought a commitment that respondent would not challenge the alimony deduction in future years.  Respondent refused this request.

In a subsequent order, the Court provided petitioner an opportunity to file a motion for administrative and litigation costs. We advised petitioner that only substantiated, out-of-pocket costs could be awarded and instructed him to review section 7430 and to follow Rules 230 through 233. On April 8, 2008, petitioner filed a motion for administrative and litigation costs. On May 9, 2008, respondent filed a notice of objection and memorandum in support of his objection.

## Discussion

Respondent has conceded all the issues other than administrative and litigation costs, and we accept respondent's concessions. Accordingly, the Court will enter a decision of no deficiency and no penalty due from petitioner in accord with respondent's concession. However, before entry of decision the Court must consider petitioner's motion for an award of administrative and litigation costs.

Reasonable administrative and litigation costs may be allowed, but "only if the taxpayer is the 'prevailing party', did not unreasonably protract the administrative or judicial proceedings, and exhausted available administrative remedies." Grigoraci v. Commissioner, 122 T.C. 272, 275 (2004); see sec. 7430(a), (b)(1), (3). The taxpayer must satisfy each of these requirements. Rule 232(e).

Section 7430(c)(4)(A) defines the term "prevailing party". To be a prevailing party, the taxpayer must substantially prevail with respect to either the amount in controversy or the most significant issue or set of issues, and he must satisfy the net worth requirement. However, if the Commissioner demonstrates that his position was substantially justified, the taxpayer cannot qualify as a prevailing party. Sec. 7430(c)(4)(B)(i); Petito v. Commissioner, T.C. Memo. 2002-271.

"The term 'reasonable litigation costs' includes only court costs, expert witness expenses, costs of a study or report, and 'reasonable fees paid or incurred for the services of attorneys.'" Frisch v. Commissioner, 87 T.C. 838, 846 (1986) (quoting section 7430). Furthermore, fees claimed must actually have been incurred, meaning that the taxpayer has paid them or has become liable to pay them.[6] See id. at 846.

Petitioner's motion consists of just over one page and is signed by petitioner and notarized. In his motion, petitioner seeks an award of "monies in the amount of one hundred thousand

---

[6] While petitioner did not identify specific costs included in his claim, we note that he is not eligible for an award of attorney's fees because he was acting pro se. Moran v. Commissioner, 88 T.C. 738, 743 (1987); Frisch v. Commissioner, 87 T.C. 838, 846-847 (1986).

dollars (after taxes) as the sum of administrative and litigation costs under Rule 231".[7]

Respondent objects to petitioner's motion for administrative and litigation costs.  Respondent agrees that petitioner substantially prevailed with respect to the amount in controversy and the most significant issue in the case; to wit, respondent's concession that petitioner is entitled to the claimed deduction for alimony payments made in 2004.  Respondent does not assert that petitioner protracted the proceedings or failed to exhaust administrative remedies.  However, respondent argues that his position was substantially justified, that petitioner has not demonstrated that he meets the net worth requirement, and that petitioner's claim for $100,000 is not reasonable.

We specifically directed petitioner's attention to the requirements of Rule 231(b) and (d) in our order providing him an opportunity to file a motion for administrative and litigation

---

[7] Petitioner also requests that the Court order respondent to return petitioner's tax refund for tax year 2005, which petitioner claims was applied first against petitioner's income tax liability for tax year 2003 (resulting from respondent's disallowance of petitioner's alimony deduction for 2003) and then against petitioner's income tax liability for 2004 (after respondent conceded the alimony determination for 2003). Petitioner asserts that respondent retained the 2005 tax refund as an offset against the portion of the deficiency attributable to the disallowed alimony deduction for 2004, which issue respondent has now conceded.  Only tax year 2004 is before the Court.  Our jurisdiction is limited to redetermining petitioner's tax liability for 2004; we have no authority to order a refund for 2005.  See Naftel v. Commissioner, 85 T.C. 527, 533 (1985).

costs.  Rule 231(b) requires, inter alia, that petitioner state that he meets the net worth requirements of 28 U.S.C. section 2412(d)(2)(B) and support his statement with an affidavit;[8] and state the specific administrative and litigation costs sought, supported by an affidavit in the form required by Rule 231(d).[9] Rule 231(d) requires a detailed affidavit setting forth the nature and amount of each item of costs for which petitioner claims an award.

Petitioner's claim for costs is quoted above and avers that $100,000 (after taxes) is the sum of his administrative and litigation costs.  Petitioner's motion fails to provide an itemized statement of the costs, fees, and other expenses claimed; his motion also fails to address the net worth requirement.  Petitioner, therefore, has not satisfied the

---

[8] Sec. 7430(c)(4)(A)(ii) references 28 U.S.C. sec. 2412(d)(1)(B) and (2)(B), which requires both the net worth statement and an itemized statement of costs, fees, and other expenses claimed.  As relevant to this case, 28 U.S.C. sec. 2412(d)(2)(B)(i) requires that petitioner state that his net worth did not exceed $2 million at the time he filed the petition.

[9] Rule 231(b), Content of Motion, also addresses the other statutory requirements.  Petitioner failed to follow this Rule in many respects, but we need not detail each of them.

statutory requirements for a prevailing party.[10]  Sec.
7430(c)(4)(A).  Petitioner's motion will be denied.

Even if we were to conclude that petitioner otherwise
qualified as a prevailing party under section 7430(c)(4)(A), he
would not be treated as the prevailing party because respondent's
position was substantially justified throughout this proceeding
and up until January 14, 2008, the date he conceded the final
issue.  Sec. 7430(c)(4)(B).  Respondent's concession was made
after:  (1) Petitioner provided respondent's counsel with a
complete copy of the final decree, which occurred at trial; and
(2) respondent received additional documents from DFAS (after
trial) proving to whom the allotment was paid in 2004.  The
Commissioner need not concede a case before receiving the
documents necessary to prove the taxpayer's contentions.
Furthermore, the Commissioner is allowed a reasonable period to
analyze the documents and to modify his position.  Gealer v.
Commissioner, T.C. Memo. 2001-180.  Respondent conceded shortly
after receiving petitioner's proof.  Respondent's position was
substantially justified, and, thus, petitioner cannot be a
prevailing party and is not entitled to costs.

---

[10] Without satisfying the net worth requirement and
providing the itemized statement, a taxpayer cannot be a
"prevailing party" as defined by sec. 7430(c)(4), regardless of
whether he substantially prevailed.

Petitioner has asked the Court to restrain respondent from challenging the alimony deduction in future years.  We do not have that authority.  See <u>Knapp v. Commissioner</u>, 90 T.C. 430, 440 (1988), affd. 867 F.2d 749 (2d Cir. 1989).

To reflect the foregoing,

<u>An appropriate order and</u>

<u>decision will be entered</u>.