SHIGEKO RAKOSI, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Rakosi v. Commissioner
Docket No. 25734-88
United States Tax Court
T.C. Memo 1991-630; 1991 Tax Ct. Memo LEXIS 678; 62 T.C.M. (CCH) 1563; T.C.M. (RIA) 91630; December 17, 1991, Filed *678 Shigeko Rakosi, pro se. Mark S. Pendery and Stephen S. Ash, for the respondent. PANUTHOS, Special Trial Judge. PANUTHOS
MEMORANDUM OPINION This case is before the Court on Respondent's Motion for Order to Show Cause Why a Decision Should Not Be Entered Against Petitioner. This case was assigned pursuant to section 7443A(b), [1] Rule 180-183, and by order of the Chief Judge. The issues to be decided are whether any issues remain for decision after consideration of the stipulation to be bound filed with the Court and whether respondent's proposed decision is in accord with the stipulation. Background
On July 1, 1988, respondent issued separate statutory notices of deficiency to petitioner for each of the taxable years 1983, 1984, and 1985. In the notices of deficiency, respondent determined that petitioner failed *679 to file Federal income tax returns and that petitioner failed to report income received in each year. The deficiencies and additions to tax determined are as follows: 1983
Addition
Deficiency
Sec.
Sec.
Sec.
Sec. 6654(a)
Sec. 6661(a)
6651(a)(1)
6653(a)(2)
$ 8,634.00
$ 1,162.75
$ 431.70
50% of the $ 261.32
$ 2,158.50
interest due on the deficiency
1984
Addition
Deficiency
Sec.
Sec.
Sec.
Sec. 6654(a)
Sec. 6661(a)
6651(a)(1)
6653(a)(2)
$ 9,884.00
$ 1,296.75
$ 494.20
50% of the $ 252.18
$ 2,471.00
interest due on the deficiency
1985
Addition
Deficiency
Sec.
Sec.
Sec.
Sec. 6654(a)
Sec. 6661(a)
6651(a)(1)
6653(a)(2)
$ 10,624.00
$ 1,392.00
$ 531.20
50% of the $ 246.64
$ 2,656.00
interest due on the deficiency
A petition was filed on October 3, 1988. At the time of filing the petition herein, petitioner resided in Phoenix, Arizona. This case was set for trial at a trial calendar commencing in Phoenix on December 4, 1989. On December 6, 1989, the parties filed a stipulation of settled issues and agreement to be bound. The stipulation *680 sets forth certain concessions by the parties relating to filing status, income, exemptions, deductions, credits, and additions to tax. The stipulation also provided that petitioner disputed that her income was not exempt from taxation as an agent of the "Church of the Saved." The stipulation makes reference to litigation of this issue in petitioner's 1981 and 1982 tax years, Rakosi v. Commissioner, T.C. Memo 1988-149, [2] and indicates that the parties agree to be bound by a decision of the United States Court of Appeals for the Ninth Circuit to which petitioner appealed the prior Tax Court opinion.
*681 After the stipulation was filed, the Court of Appeals for the Ninth Circuit in an unpublished opinion affirmed the decision of the Tax Court. Attila and Shigeko Rakosi, Church of The Saved v. Commissioner, 904 F.2d 41 (9th Cir. 1990). There is no record of a petition for writ of certiorari to the United States Supreme Court having been filed in this case. [3]
Discussion
In his motion for order to show cause, respondent argues that all issues have been resolved by the stipulation to be bound, and that therefore the Court should enter a decision pursuant to the agreement of the parties. Respondent attached a *682 proposed decision and stipulation to his motion. The proposed decision provides as follows: Pursuant to the Stipulation of the parties filed in the above-entitled case, and incorporated herein the facts stipulated by the parties as the findings of the Court, it is ORDERED AND DECIDED: That there is an overpayment in income tax for the taxable year 1983 in the amount of $ 164.00, which overpayment is barred pursuant to I.R.C. sections 6511(b) and 6512(b)(2). That there is an overpayment in income tax for the taxable year 1984 in the amount of $ 114.00, which amount was paid on April 15, 1985, and for which amount a claim for refund was filed October 22, 1987, which was within the period provided by I.R.C. section 6511(b)(2). That there is a deficiency in income tax due from the petitioner for the taxable year 1985 in the amount of $ 658.00; That there is no addition to tax due from the petitioner for taxable years 1983 and 1984, under the provisions of I.R.C. sections 6653(a)(1) and 6653(a)(2); That there is an addition to tax due from the petitioner under I.R.C. sections 6653(a)(1) and 6653(a)(2) for the taxable year 1985 in the respective amounts of $ 32.90 and 50% of the *683 interest due on $ 658.00; That there is no addition to the tax due from the petitioner for taxable years 1983, 1984 and 1985, under the provisions of I.R.C. section 6651(a); That there is no addition to the tax due from the petitioner for taxable years 1983, 1984 and 1985, under the provisions of I.R.C. section 6654(a); and That there is no addition to the tax due from the petitioner for taxable years 1983, 1984 and 1985, under the provisions of I.R.C. section 6661(a).
Petitioner objects to the proposed decision tendered by respondent. Our role in this proceeding is to determine whether the proposed decision document is in accord with the settlement stipulation executed by the parties. Stamm International Corp. v. Commissioner, 90 T.C. 315 (1988); Applestein v. Commissioner, T.C. Memo 1989-42. Thus, if the terms of the settlement agreement are clear, it should be enforced even if one of the parties miscalculated the amount of taxes resulting therefrom. Stamm v. Commissioner, supra at 321. On the other hand, if a matter is not covered by the stipulation, we cannot assume that such matter has been agreed. *684 We now review the disputed matters to determine whether they are contained within the stipulation. While petitioner's objections are numerous, and mostly incomprehensible, we consider those matters which we are able to discuss. Petitioner argues that she should be allowed deductions for contributions to a mandatory retirement plan for 1983 through 1985 relating to her employment with the State of Arizona. Petitioner argues that the prior litigation referred to in the stipulation to be bound failed to consider this issue. However, respondent argued in the prior docket that there was no basis for allowance of such a deduction. In the opinion, we held that "Based on this record, petitioner has failed to show that she is entitled to any deductions or personal exemptions in addition to those allowed by respondent." (Emphasis added.) Rakosi v. Commissioner, T.C. Memo 1988-149. The opinion of the Court of Appeals affirming our decision did not discuss this issue. Accordingly, petitioner, having stipulated to be bound by a decision on this issue in the former litigation, cannot now dispute the issue. Petitioner also argues that she was coerced into agreeing *685 to certain items in the stipulation to be bound. Petitioner has presented no evidence which would establish that the stipulation to be bound does not reflect the agreement of the parties. There is no evidence of a material misrepresentation by respondent. Saigh v. Commissioner, 26 T.C. 171, 180-182 (1956). Nor are we aware of any manifest injustice that would result by holding the parties to the terms of the stipulation. Adams v. Commissioner, 85 T.C. 359, 375 (1985). Petitioner also disputes the amounts reflected in the proposed decision documents attached to respondent's motion. Petitioner argues that the stipulation as to 1983 is incomplete. She proffers what appear to be two versions of an apparent draft stipulation of facts prepared by respondent's counsel prior to the scheduled trial of this case. Petitioner suggests that the proposed stipulations fill in any gaps in the stipulation to be bound. [4]
*686 Petitioner argues that the amount of the overpayment reflected in respondent's proposed decision document for the 1983 tax year is incorrect. She argues that she is entitled to three personal exemptions and that the proposed decision document allows only two exemptions. Petitioner also disagrees with the proposed decision document to the extent it provides that she did not file a timely claim for a refund for 1983. Petitioner maintains that she filed a timely claim for refund and thus the overpayment is not barred by section 6512(b)(3). Petitioner attaches photocopies of Forms 843 that she purportedly filed for 1983 as well as years prior and subsequent thereto. Respondent argues that, consistent with the years 1984 and 1985, the parties agreed to the allowance of two personal exemptions for 1983 rather than three personal exemptions. Respondent further argues that there is no record of filing a claim for refund for 1983 and since the overpayment is barred under section 6512(b)(3), the number of personal exemptions agreed to is irrelevant. The issue of whether petitioner is entitled to two or three personal exemptions and the question of whether a timely claim for refund has *687 been filed are questions of fact which do not appear to be the subject matter of the stipulation to be bound. [5] Since the parties dispute these two factual issues and the resolution of these issues is not clearly set forth in the stipulation to be bound, we see no alternative but to allow the parties to proceed to trial on these matters. Accordingly, respondent's motion will be granted in part and denied in part in that the proposed decision submitted by respondent relating to the 1984 and 1985 tax years is determined to be correct and in accord with the stipulation to be bound filed by the parties. With respect to the 1983 tax year, respondent's proposed decision is correct except to the extent that (1) the parties may present evidence as to the number of personal *688 exemptions to which petitioner is entitled, and (2) the parties may present evidence with respect to the issue of the filing of a claim for refund for the taxable year 1983. These are the only two issues about which the Court will receive evidence. The parties also should attempt to resolve these remaining issues. If the parties are unable to resolve the remaining issues, they should comply with Rule 91 and stipulate to the extent possible. Petitioner also claims costs and attorney's fees. Petitioner's claim in this regard is unfounded. Even if we were to consider a claim for costs and attorney's fees at this juncture, petitioner's claim would fail for, among other reasons, she was not the "prevailing party" in the litigation. Additionally, there is no evidence that she employed an attorney with respect to this litigation. Moran v. Commissioner, 88 T.C. 738, 743 (1987); Frisch v. Commissioner, 87 T.C. 838 (1986). Based on the foregoing, An appropriate order will be issued. Footnotes
1. All section references are to the Internal Revenue Code as amended and as in effect for the tax years at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. The stipulation erroneously refers to docket No. 8541-83. Respondent indicates that the stipulation should have referred to docket No. 21459-85 which is the docket of the cited opinion at T.C. Memo 1988-149↩. While petitioner makes many arguments, she does not take issue with this. We thus conclude that the parties intended to be bound by the disposition of docket No. 21459-85.
3. Respondent advised the Court that the Clerk of the United States Supreme Court has indicated no record of a writ for certiorari having been filed. Petitioner argues to the contrary. However, petitioner presented no evidence that the Supreme Court was considering any aspect of the Ninth Circuit's unpublished opinion. Accordingly, we find that petitioner's objection has no merit.↩
4. The stipulation to be bound contains some ambiguities. On page one of the stipulation there are two numbered paragraphs, (numbered 1. and 2.). Page 2 of the stipulation begins with an unnumbered schedule of adjustments. The next numbered paragraph after the schedule is paragraph number 5. The remainder of the pages and paragraphs are numbered in normal sequence. The incomplete paragraph relates to the 1983 year. At a hearing held on this matter, the Court directed the parties' attention to this ambiguity. Respondent acknowledged that some language had been inadvertently omitted from the stipulation. In documents filed subsequent to the hearing, counsel for respondent advised that he was unable to locate the missing language from the stipulation. Petitioner attached to her submissions the aforementioned copies of the proposed stipulation of facts.↩
5. The filing of a claim for refund is not discussed in the stipulation to be bound. The number of personal exemptions for 1983 may have been agreed to at some point; however, this language is missing from the stipulation to be bound filed with the Court.↩