T.C. Memo. 2011-136

UNITED STATES TAX COURT

ARTHUR DALTON, JR. AND BEVERLY DALTON, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 23510-06L.               Filed June 20, 2011.

<u>Ralph A. Dyer</u>, for petitioners.

<u>Erika B. Cormier</u>, for respondent.

MEMORANDUM OPINION

WELLS, <u>Judge</u>:  This case is before the Court on petitioners'

motion for recovery of reasonable litigation and administrative

costs, filed pursuant to section 7430 and Rule 231.[1]  Petitioners

_____

[1]Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect at the time petitioners filed
their petition or incurred their litigation costs, as

(continued...)

seek to recover litigation and administrative costs of $55,580 incurred in contesting respondent's rejection of their offer-in-compromise because of an alleged nominee interest in a trust. We must decide: (1) Whether petitioners' motion is deficient on its face; (2) whether respondent has shown that his position was substantially justified; (3) whether petitioners are entitled to litigation and administrative costs claimed; and (4) whether the attorney's fees and other costs that petitioners seek to recover are reasonable. Neither party requested an evidentiary hearing, and we conclude that a hearing is not necessary for the proper disposition of petitioners' motion. See Rule 232(a)(2).

## Background

The merits of the underlying case were decided in our prior opinions in this case, Dalton v. Commissioner, T.C. Memo. 2008-165 (Dalton I), and Dalton v. Commissioner, 135 T.C. 393 (2010) (Dalton II). The findings of fact set forth in those opinions are incorporated herein by reference. We restate below only those findings that are relevant to the issues presented by petitioners' motion for litigation and administrative costs.

The central issue in the underlying case was whether respondent's Appeals Office abused its discretion when it determined that petitioners held a "nominee" interest in certain

_____

[1](...continued)
appropriate, and all Rule references are to the Tax Court Rules of Practice and Procedure.

real estate held in trust (the Poland property).  During the proceedings before the Internal Revenue Service (IRS) Appeals Office, petitioners (hereinafter referred to individually as Mr. Dalton Jr. and Mrs. Dalton Jr.) sought to establish that they were entitled to an offer-in-compromise on the basis of financial hardship.  The IRS Appeals Office obtained from the IRS Office of Chief Counsel an advisory opinion on the applicability of alter ego or nominee principles of ownership to petitioners' situation. In that opinion, the IRS Office of Chief Counsel considered various factors derived from Federal caselaw and concluded that a nominee relationship did exist between petitioners and the trust. The advisory opinion was silent on the issue of whether petitioners had an interest in the trust under State law.

On October 24, 2006, the IRS Appeals Office issued to each petitioner a separate Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (initial notice of determination).  Petitioners each received the initial notice of determination on or about October 31, 2006.  It stated that the Appeals Office had rejected petitioners' collection alternative, and attachments to the notice explained that the IRS had determined that petitioners had a nominee interest in the trust and that any collection alternative would have to incorporate the equity petitioners had in the property owned by the trust.

On November 16, 2006, petitioners filed a timely petition in this Court seeking judicial review of the proposed levy action. Respondent filed a motion for summary judgment, which we denied in our opinion in Dalton I. In that opinion, we noted that recent caselaw has made it clear that the primary factor that must be considered in deciding whether a nominee relationship exists is whether such a relationship exists under State law. Because the record was silent as to whether a nominee relationship existed under Maine law, we remanded the case to the IRS Appeals Office to consider whether a nominee interest existed under State law.

On remand, the Appeals Office requested another advisory opinion from the IRS Office of Chief Counsel. The Office of Chief Counsel provided an advisory opinion, which summarily concluded that Maine "does not have a properly developed body of law regarding nominee ownership." It then proceeded to conduct a Federal factors analysis. The advisory opinion concluded that, under the Federal factors analysis, petitioners had a nominee interest in the trust property. On December 1, 2008, the Appeals Office mailed each petitioner a Supplemental Notice of Determination Concerning Collection Action(s) under Section 6320 and/or 6330 (supplemental notice of determination). The supplemental notice of determination concluded that Maine law was silent on the issue of whether petitioners had a nominee interest

in the property, and it reaffirmed the conclusion that petitioners had a nominee interest under Federal factors.

After the IRS issued its supplemental notice of determination, petitioners filed a motion for partial summary judgment in this Court. In our Opinion in Dalton II, we granted petitioners' motion for summary judgment. We held that the IRS Appeals Office abused its discretion when it sustained the levy action on the basis of its determination that petitioners had a nominee interest in the trust property. Dalton II, 135 T.C. at 423. We held that Maine law was not silent on the issue of whether a nominee interest existed and that, pursuant to Maine law, petitioners had no such interest in the trust property. Id. at 407-415. We further concluded that, even under a Federal factors analysis, petitioners did not have a nominee interest in the trust. Id. at 415-423.

## Discussion

Section 7430(a) provides that the prevailing party in any administrative or court proceeding may be awarded a judgment for (1) reasonable administrative costs incurred in connection with such an administrative proceeding within the IRS, and (2) reasonable litigation costs incurred in connection with such a court proceeding. Corson v. Commissioner, 123 T.C. 202, 205 (2004); Maggie Mgmt. Co. v. Commissioner, 108 T.C. 430, 436 (1997). In addition to being the prevailing party, to receive an

award of reasonable litigation costs a taxpayer must have exhausted all administrative remedies and must not have unreasonably protracted the court proceeding. Sec. 7430(b)(1), (3); Corson v. Commissioner, supra at 205. We do not award costs unless a taxpayer satisfies all of the section 7430 requirements. Corson v. Commissioner, supra at 205-206; Minahan v. Commissioner, 88 T.C. 492, 497 (1987).

A taxpayer is the prevailing party if: (1) The taxpayer substantially prevailed with respect to the amount in controversy or the most significant issue or set of issues; (2) the taxpayer meets the net worth requirements of 28 U.S.C. sec. 2412(d)(2)(B) (2006); and (3) the Commissioner's position in the court proceeding was not substantially justified. Sec. 7430(c)(4)(A) and (B)(i); see also sec. 301.7430-5(a), Proced. & Admin. Regs. The Commissioner bears the burden of proving that his position was substantially justified. Sec. 7430(c)(4)(B)(i); Corson v. Commissioner, supra at 206.

Respondent concedes that petitioners substantially prevailed with respect to the amount in controversy and the most significant issue presented, exhausted all administrative remedies, did not unreasonably protract the proceedings, and meet the net worth requirements of 28 U.S.C. sec. 2412(d)(2)(B). However, respondent contends that petitioners' motion is deficient on its face because it fails to allege that

respondent's position was not substantially justified, and respondent contends that his position was substantially justified.  Respondent also contends that if we hold that petitioners are entitled to litigation and administrative costs, petitioners are not entitled to the amount claimed.

I.    Whether Petitioners' Motion Is Deficient on Its Face

We first consider respondent's contention that petitioners' motion is deficient on its face.  Respondent directs our attention to 28 U.S.C. sec. 2412(d)(1)(B), which provides:

> A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed.  The party shall also allege that the position of the United States was not substantially justified.  Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.

Respondent contends that, because petitioners' motion made no allegation that respondent's position was not substantially justified, it is invalid on its face.  We disagree.

Petitioners seek an award of litigation and administrative costs pursuant to section 7430, which does not require taxpayers to meet all the requirements of 28 U.S.C. section 2412.  Section

7430(c)(4)(A)(ii) requires that the moving party meet the requirements of the first sentence of 28 U.S.C. section 2412(d)(1)(B) and the net worth limitations of 28 U.S.C. sec. 2412(d)(2)(B).  The full text of section 7430(c)(4)(A) provides:

>    (A) In general.--The term "prevailing party" means any party in any proceeding to which subsection (a) applies (other than the United States or any creditor of the taxpayer involved)--

>    (i) which--

>    (I) has substantially prevailed with respect to the amount in controversy, or

>    (II) has substantially prevailed with respect to the most significant issue or set of issues presented, and

>    (ii) which meets the requirements of the 1st sentence of section 2412(d)(1)(B) of title 28, United States Code (as in effect on October 22, 1986) except to the extent differing procedures are established by rule of court and meets the requirements of section 2412(d)(2)(B) of such title 28 (as so in effect).

Nothing in section 7430 requires that the moving party satisfy the other requirements of 28 U.S.C. sec. 2412(d)(1)(B), including the requirement that the moving party allege that the Government's position was not substantially justified.  Rather, section 7430(c)(4)(B)(i) makes it clear that the Commissioner bears the burden of proving that his position was substantially justified.[2]  Corson v. Commissioner, 123 T.C. at 206.

---

[2]Before amendment in 1996 by the Taxpayer Bill of Rights 2, Pub. L. 104-168, sec. 701, 110 Stat. 1463, the taxpayer bore the burden of proving that the Commissioner's position was not

(continued...)

The Tax Court has set forth in Rule 231(b) the required contents of a motion for litigation and administrative costs. Petitioners' motion meticulously complied with those requirements.  On the basis of the foregoing, we hold that petitioners' motion is not deficient on its face because petitioners failed to allege that respondent's position was not substantially justified.

II.  Whether Respondent Has Shown That His Position Was Substantially Justified

We next consider whether respondent has shown that his position was substantially justified.  For purposes of deciding a motion for reasonable administrative costs, an administrative proceeding is a procedure or action before the IRS, sec.

---

[2](...continued)
substantially justified.  The House report accompanying the amendment explained the purpose of shifting the burden to the IRS as follows:  "The Committee believes that it is appropriate for the IRS to demonstrate that it was substantially justified in maintaining its position when the taxpayer substantially prevails".  H. Rept. 104-506, at 36 (1996), 1996-3 C.B. 49, 84. As we noted in Fla. Country Clubs, Inc. v. Commissioner, 122 T.C. 73, 79 (2004), affd. 404 F.3d 1291 (11th Cir. 2005):

> Congress amended section 7430(c)(4) in TBOR 2 to shift to the Government the burden of establishing that its position was substantially justified.  Congress shifted the burden by amending section 7430(c)(4)(B) to provide that a taxpayer cannot be a prevailing party if the Government demonstrates that its position was substantially justified. In doing so, it eliminated any direct reference to the "position of the United States" in section 7430(c)(4)(A). In its current form, therefore, the language of section 7430(c)(4)(A) only requires that the taxpayer show that he or she substantially prevailed.  * * * [Fn. ref. omitted.]

7430(c)(5), and the "position of the United States" in an administrative proceeding refers to the position taken by the IRS as of the earlier of (i) the date the taxpayer receives the notice of decision of the IRS Appeals Office, or (ii) the date of the notice of deficiency, sec. 7430(c)(7)(B); Rathbun v. Commissioner, 125 T.C. 7, 12-13 (2005); see also sec. 301.7430-3(a), (c), Proced. & Admin. Regs.  In the instant case, the Government first took a position in the administrative proceeding when Appeals Office issued the notice of determination dated October 24, 2006, which petitioners received on or about October 31, 2006.  See sec. 7430(c)(7)(B)(i); Owen v. Commissioner, T.C. Memo. 2005-115.

A court proceeding, for purposes of section 7430, means any civil action brought in a court of the United States, including this Court, sec. 7430(c)(6), and the "position of the United States" in a court proceeding is the position taken by the IRS in a judicial proceeding to which section 7430(a) applies, sec. 7430(c)(7)(A).  In the instant case, respondent's initial litigation position is that taken in his answer to petitioner's petition.  Sec. 7430(c)(7)(A); see Huffman v. Commissioner, 978 F.2d 1139, 1148 (9th Cir. 1992), affg. in part, revg. in part and remanding T.C. Memo. 1991-144.

We may consider the Commissioner's administrative and litigation positions together if the Commissioner maintains the

same position throughout the administrative and litigation process.  Huffman v. Commissioner, supra at 1144-1147; Maggie Mgmt. Co. v. Commissioner, 108 T.C. at 442.  In the instant case, respondent concedes that he has maintained the same position since issuing the initial notice of determination on October 24, 2006.  Respondent's position in that notice of determination was that petitioners held a nominee interest in the trust property. Accordingly, our inquiry will be limited to the question of whether respondent has shown that that position was substantially justified.

The Commissioner's position is substantially justified if it has a reasonable basis in both fact and law and is justified to a degree that could satisfy a reasonable person.  Corson v. Commissioner, supra at 206; Maggie Mgmt. Co. v. Commissioner, supra at 443.  The reasonableness of the Commissioner's position is determined on the basis of the available facts that formed the basis for the position, as well as the controlling law.  Maggie Mgmt. Co. v. Commissioner, supra at 443; DeVenney v. Commissioner, 85 T.C. 927, 930 (1985).  A position that was reasonable when established may become unreasonable in the light of changed circumstances.  See sec. 301.7430-5(c)(2), Proced. & Admin. Regs.  A significant factor in determining whether the Commissioner acted reasonably as of a given date is whether, on or before that date, the taxpayer presented all relevant

information under the taxpayer's control.  Corson v. Commissioner, supra at 206-207; sec. 301.7430-5(c)(1), Proced. & Admin. Regs.  Respondent does not contend, and the record does not suggest, that petitioners failed to present all relevant evidence before the Appeals Office issued the initial notice of determination.  The record shows that no new relevant facts emerged during the proceedings in this Court or during the Appeals Office hearing on remand.

Respondent contends that his position was substantially justified because it had a reasonable basis in the facts and the law.  In Dalton II, we held that the Appeals Office had abused its discretion when it refused to consider petitioners' offer-in-compromise on the basis of its conclusion that petitioners had a nominee interest in the trust property.  The question of whether an abuse of discretion has occurred requires an inquiry into whether the discretion was exercised "without sound basis in fact or law."  See Murphy v. Commissioner, 125 T.C. 301, 308 (2005), affd. 469 F.3d 27 (1st Cir. 2006); Freije v. Commissioner, 125 T.C. 14, 23 (2005).

The standard we apply for purposes of deciding whether the Commissioner's position is substantially justified uses similar language:  "The Commissioner's position is substantially justified if it has a reasonable basis in both fact and law and is justified to a degree that could satisfy a reasonable person."

Corson v. Commissioner, supra at 206; see also Maggie Mgmt. Co. v. Commissioner, supra at 443. However, we are not required to hold that the Commissioner's position lacked substantial justification in all cases where the Commissioner abused his discretion. See Rowe v. Commissioner, T.C. Memo. 2002-136; Mid-Del Therapeutic Ctr., Inc. v. Commissioner, T.C. Memo. 2000-383, affd. 30 Fed. Appx. 889 (10th Cir. 2002); Mauerman v. Commissioner, T.C. Memo. 1995-237. For example, we have held that the Commissioner generally is not subject to an award of litigation costs under section 7430 if the case is one of first impression, even where we hold that the Commissioner abused his discretion in the underlying case. See Rowe v. Commissioner, supra; Mid-Del Therapeutic Ctr., Inc. v. Commissioner, supra. We must consider the facts and circumstances of the particular case. See Rowe v. Commissioner, supra; Mid-Del Therapeutic Ctr., Inc. v. Commissioner, supra.

Although Dalton I was decided on the administrative record, the parties' constructions of the documents in that record were different. As we noted in our opinion in Dalton I, in their motions "the parties [appeared] to advance conflicting views with respect to the contours of the proper record for review and which party is attempting to exceed the bounds of the record." In our opinion in Dalton I we adopted a construction of the administrative record that was closer to the construction

advanced by petitioners.  After setting forth our construction of the administrative record, we examined the Appeals Office's application of law, and we concluded that the Appeals Office had failed to apply the correct law because it did not apply State law.  Accordingly, we remanded the case to the Appeals Office, directing it to apply Maine law to determine whether petitioners had a nominee interest in the trust property.

However, on remand, when the Appeals Office requested an advisory opinion from the Office of Chief Counsel, the opinion from the Office of Chief Counsel gave only cursory treatment to Maine law, summarily concluding that Maine law is silent with regard to the nominee doctrine.  In our Opinion in Dalton II, we rejected respondent's legal position, concluding that Maine law is not undeveloped on the issue of nominee interest and that under Maine law petitioners did not have a nominee interest in the trust property.  Dalton II, 135 T.C. at 407-415.  We also concluded that, even using the Federal factors analysis, petitioners did not have an interest in the trust property.  Id. at 415-423.  We therefore held that respondent's Appeals Office had abused its discretion when it concluded that petitioners did have a nominee interest in the trust property.  Id. at 423.

When we decide that the Commissioner's Appeals Office has abused its discretion, we are holding that its conclusion is "without sound basis in fact or law."  See Murphy v.

Commissioner, supra at 308; Freije v. Commissioner, supra at 23. However, in his objection to the instant motion, respondent contends that his position was substantially justified because it had a reasonable basis in the facts and the law.

Respondent appears to misunderstand the standard for "substantially justified" and our holding in Dalton II. Respondent contends that his position was substantially justified because it was reasonable for him to conclude that Maine law was undeveloped. However, our holding in Dalton II went further than simply holding that petitioners had no interest in the trust property under Maine law; we also held that petitioners would have no interest in the trust property even if Federal law applied. See Dalton II, 135 T.C. at 416-423.

Moreover, in our opinions in both Dalton I and Dalton II we disagreed with respondent's construction of documents in the administrative record. See id. at 394-400. In some particulars, the Appeals Office's findings appeared to exceed the facts that were established by those documents. It appears that respondent still has not accepted our construction of the administrative record. During the hearing on remand, in his motion for summary judgment in Dalton II, and in his opposition to petitioners' motion now before the Court, respondent advanced proposed findings of fact in conflict with our opinion in Dalton I. For example, respondent continued to contend that during 1983

petitioners exchanged lots 3 and 4 with Mr. Dalton Jr.'s father (Mr. Dalton Sr.) for no consideration despite the fact that we had found, in Dalton I, that Mr. Dalton Sr. assumed the mortgage on lot 3. Respondent continued to insist that when Mrs. Dalton Jr. cosigned a mortgage on lots 3 and 4 with Mr. Dalton Sr. during 1993, she was treating those lots as her property, despite the fact that we had found that she did so only at the request of the bank because of the bank's concern about Mr. Dalton Sr.'s advanced age. Respondent continued to assert that because there was no written lease evidencing a rental agreement between petitioners and Mr. Dalton Sr., they were living on the Poland property and treating it as their own, despite the fact that we had found petitioners paid rent on the Poland property pursuant to an oral agreement.

In some cases, the Appeals Office's findings were simply unsupported by the documents in the record. Because we were reviewing the Appeals Office's determination for abuse of discretion, by disagreeing with its construction of documents in the administrative record we were concluding that respondent's construction of those documents, i.e., his basis in fact, was not reasonable.

Accordingly, we reject respondent's contention that his position was substantially justified because it had a reasonable basis in the facts and the law. However, as noted above, our

inquiry does not end here. Respondent's position may still be substantially justified if, examining all the facts and circumstances, we find other facts that make his position substantially justified. See Rowe v. Commissioner, T.C. Memo. 2002-136; Mid-Del Therapeutic Ctr., Inc. v. Commissioner, T.C. Memo. 2000-383. However, the instant case did not involve an issue of first impression, and we do not find any other facts or circumstances that would make respondent's position substantially justified.

Accordingly, on the basis of the foregoing, we conclude that respondent's position was not substantially justified and that, therefore, petitioners were the prevailing party.

III. Whether Petitioners Are Entitled to Litigation and Administrative Costs in the Amounts Claimed

In an affidavit attached to their motion for award of litigation and administrative costs, petitioners claim that they are entitled to costs dating back to 1999. Respondent contends that petitioners are not entitled to costs incurred before October 31, 2006, the date on which petitioners received the initial notice of determination and began to prepare their petition for filing in this Court. We agree with respondent.

Section 7430(a) permits a taxpayer to recover reasonable administrative costs incurred in connection with an administrative proceeding. Pursuant to section 301.7430-3(a)(4), Proced. & Admin. Regs., an "administrative proceeding" does not

include proceedings in connection with collection actions; i.e., any action taken by the IRS to collect a tax.  Sec. 301.7430-3(b), Proced. & Admin. Regs.  Because the instant case involves a collection action, petitioners are not permitted to recover costs incurred in connection with the collection due process hearing.  See id.; sec. 301.7430-3(d), Example (5), Proced. & Admin. Regs.  Moreover, before petitioners received the Appeals Office's initial notice of determination on October 31, 2006, the IRS had not taken a position.  See sec. 7430(c)(7); Fla. Country Clubs, Inc. v. Commissioner, 122 T.C. 73 (2004), affd. 404 F.3d 1291 (11th Cir. 2005).  Accordingly, we deny petitioners' claim for costs incurred in connection with their collection due process hearing before the Appeals Office issued its initial notice of determination.

Respondent contends that the fees petitioners' attorney charged them for reviewing the initial notice of determination also constitute administrative costs, not litigation costs, and that therefore those fees are subject to the limitation described in section 301.7430-4(b)(3), Proced. & Admin. Regs.  Fees incurred before filing a petition in the Tax Court are considered litigation costs if those fees are "incurred in connection with the preparation and filing of a petition".  Sec. 301.7430-4(c)(3)(i), Proced. & Admin. Regs.  The regulations provide two examples to illustrate the distinction between administrative and

litigation costs when the taxpayer is filing a petition with this Court:

> Example (1). Taxpayer A receives a notice of proposed deficiency (30-day letter). A files a request for and is granted an Appeals office conference. At the conference no agreement is reached on the tax matters at issue. The Internal Revenue Service then issues a notice of deficiency. Upon receiving the notice of deficiency, A discontinues A's administrative efforts and files a petition with the Tax Court. A's costs incurred in connection with the preparation and filing of a petition with the Tax Court are litigation costs and not reasonable administrative costs. Furthermore, A's costs incurred before the administrative proceeding date (date of the notice of deficiency as set forth in § 301.7430-3(c)(3)), are not reasonable administrative costs.

> Example (2). Assume the same facts as in Example 1 except that after A receives the notice of deficiency, A recontacts Appeals. Again, A's costs incurred before the administrative proceeding date, the date of the notice of deficiency as set forth in § 301.7430-3(c)(3), are not reasonable administrative costs. A's costs incurred in recontacting and working with Appeals after the issuance of the notice of deficiency, and up to and including the time of filing of the petition, are reasonable administrative costs. A's costs incurred in connection with the filing of a petition with the Tax Court are not reasonable administrative costs because those costs are litigation costs. Similarly, A's costs incurred after the filing of the petition are not reasonable administrative costs, as those are litigation costs.

Sec. 301.7430-4(c)(4), Proced. & Admin. Regs. As those examples make clear, a taxpayer begins incurring litigation costs as soon as the taxpayer "discontinues" the taxpayer's administrative efforts. We must therefore decide at what time petitioners discontinued their administrative efforts.

Petitioners never recontacted the Appeals Office after they received the initial notice of determination. On October 31 and

November 1, 2006, petitioners' attorney reviewed the notice of determination from the IRS, wrote a "file memo" for his clients, and had a telephone conference with his clients.  After that telephone conference petitioners' attorney began researching and drafting the petition.  Although it is unclear from the record at exactly what time petitioners decided to discontinue their administrative efforts and file a petition in the Tax Court, the record shows that they had made that decision by November 1, 2006, when they had their first conversation about the issue with their attorney.  The regulations make it clear that a taxpayer can decide to discontinue administrative efforts "Upon receiving the notice of deficiency"; i.e., without incurring any further administrative costs.  See sec. 301.7430-4(c)(4), Example (1), Proced. & Admin. Regs.  Because petitioners never recontacted the Appeals Office and almost immediately directed their attorney to begin preparing a petition to file in this Court, we conclude that petitioners began incurring litigation costs as soon as they received the initial notice of determination.  We therefore reject respondent's argument that some of those costs were administrative.

IV. Whether the Attorney Fees and Other Costs That Petitioners Seek To Recover Are Reasonable in Amount

Respondent concedes that if the Court decides that petitioners are the prevailing party, the litigation costs they claim beginning on November 2, 2006, are reasonable at the

claimed rate of $150 per hour.  As explained above, we also hold that petitioners are entitled to litigation costs for fees incurred on October 31 and November 1, 2006.  However, we note that petitioners' attorney made several typographical or mathematical errors when computing the proper amount of attorney's fees.  After correcting for those errors, we hold that petitioners are entitled to an award for litigation costs of $45,248.11, which includes $45,015 in attorney's fees and $233.11 in filing, printing, and mailing costs.

In reaching these holdings, we have considered all the parties' arguments, and, to the extent not addressed herein, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.