T.C. Memo. 2020-98

UNITED STATES TAX COURT

GARY M. DENNIS AND SHARON D. DENNIS, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 398-18L.                              Filed July 1, 2020.

A collection due process (CDP) hearing pursuant to I.R.C. secs. 6320 and 6330 was held with respect to (1) a notice of Federal tax lien filing for 2013 and 2014 and (2) a notice of intent to levy for 2014.  R issued notices of determination that (1) sustained the filing of the notice of Federal tax lien for 2013 and 2014 and (2) did not sustain the levy for 2014.  Ps, who are self-represented, filed a timely petition.  After a remand, R issued a supplemental determination in which he did not sustain the tax lien filing for 2013 or 2014.  Upon R's full concession of all issues in this case Ps filed a motion for reasonable litigation or administrative costs pursuant to I.R.C. sec. 7430.

Reasonable administrative costs are those incurred in an administrative proceeding.  <u>See</u> sec. 301.7430-4(a), Proced. & Admin. Regs.  CDP hearings held pursuant to I.R.C. secs. 6320 and 6330 are generally considered collection actions and not administrative proceedings.  <u>See</u> sec. 301.7430-3(a)(4), (b), Proced. & Admin. Regs.  Reasonable litigation costs do not include the value of

**[*2]**  the personal time in handling the litigation.  <u>Frisch v. Commissioner</u>, 87 T.C. 838, 846-847 (1986).

> <u>Held</u>:  Ps are not entitled to reasonable litigation or administrative costs, and their motion will be denied.

Gary M. Dennis and Sharon D. Dennis, pro sese.

<u>Sean P. Deneault</u>, for respondent.

MEMORANDUM OPINION

PANUTHOS, <u>Special Trial Judge</u>:  This matter is before the Court on petitioners' amended motion for reasonable litigation or administrative costs filed August 1, 2019.  The motion is made pursuant to section 7430 and Rules 230 through 233.[1]  Petitioners seek to recover (1) administrative costs of $2,465, and (2) litigation costs of $5,757 in connection with respondent's determination sustaining the filing of a notice of Federal tax lien (NFTL) for tax years 2013 and 2014.  For the reasons below, we will deny petitioners' motion.

---

[1]Unless otherwise specified, section references are to the Internal Revenue Code, as amended, and Rule references are to the Tax Court Rules of Practice and Procedure.

**[*3]**                                              Background

The record consists of the parties' filings including attachments thereto. Petitioners are married and resided in Florida when the petition was filed.

Petitioners jointly filed Federal income tax returns for tax years 2013 and 2014. They entered into an installment agreement to pay their tax liabilities for those tax years. Petitioners later filed their 2015 income tax return but failed to remit interest on the balance due. The balance due from the taxable year 2015 was made part of the existing installment agreement. Petitioners did not pay the tax year 2015 interest and associated penalties until February 2017.[2]

In March 2017 petitioners' 2013 and 2014 liabilities were assigned to an Internal Revenue Service (IRS) revenue officer for collection. On April 11, 2017, respondent issued a Letter 1058A, Final Notice of Intent to Levy and Notice of Your Right to a Hearing (levy notice), with respect to petitioners' 2014 liability. Respondent filed an NFTL with respect to petitioners' 2013 and 2014 liabilities and on May 2, 2017, issued a Letter 3172, Notice of Federal Tax Lien Filing and Your Right to a Hearing.

_____

[2]The precise circumstances of interest and penalties were not made clear in the record.

**[\*4]** Petitioners filed collection due process (CDP) hearing requests for both notices. The matter was assigned to Settlement Officer (SO) S. Simpson for resolution at the IRS Office of Appeals on August 30, 2017. SO Simpson held a hearing with petitioners on September 21, 2017, and closed the case for issuance of notices of determination on November 2 and 6, 2017, for the levy notice and the NFTL filing, respectively. At the hearing petitioners noted orally and in writing that a $7,500 payment credited to their account on April 18, 2017, was not reflected in the total lien amount.[3]

SO Simpson concluded that petitioners had not defaulted on the installment agreement. The revenue officer and the Collection Division, however, concluded

---

[3]Petitioners drafted a "discussion points document" dated September 21, 2017, which they presented to SO Simpson at the CDP hearing. In that document, petitioners stated that "[t]his is minor but the total amount of the lien appears to be incorrect." They further explained that an IRS Letter 3174A dated April 11, 2017, listed their unpaid tax as $120,533.14 and that the NFTL, which they incorrectly state was filed April 19, 2017, reflected the same total amount of unpaid tax. Petitioners stated that a direct debit of $7,500 was paid in the interim and credited to their account on April 18, 2017, and therefore should have lowered the lien amount.

The Court notes that an examination of the Letter 3174A dated April 11, 2017, shows that it applied only to tax year 2013. The letter listed the unpaid amount from prior notices as $120,533.14 and the total amount owed for tax year 2013, including additional penalties and interest, as $172,663.41. The amounts reflected on the NFTL as filed on May 2, 2017, were $120,533.14 for tax year 2013 and $226,006.10 for tax year 2014. These factual discrepancies do not affect the Court's analysis for reasons discussed infra.

**[\*5]** that petitioners were in default. According to SO Simpson, petitioners were never in default on the installment agreement, only on the direct debit portion.

On November 16, 2017, SO Simpson issued two Notices of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 of the Internal Revenue Code. One notice of determination, concerning the section 6330 levy, did not sustain the proposed levy and directed the IRS to reinstate the direct debit portion of petitioners' installment agreement. The other notice of determination, concerning the section 6320 lien, indicated that all legal and procedural requirements were met before the filing of the NFTL and that the filing was otherwise appropriate and, therefore, sustained. In a letter dated December 29, 2017, after receiving the notices of determination, petitioners once again challenged the amount of the lien and noted that the objection that they had raised to that amount at the CDP hearing was not listed in the "Challenges to the Existence and Amount of Liability" section of the notice of determination concerning the section 6320 lien.

On January 5, 2018, petitioners filed a timely petition in this Court challenging the notices of determination.[4] Petitioners also filed an amended

---

[4]The petition was filed some 20 days after the 30-day period to petition this Court had expired. See sec. 6330(d)(1). Nonetheless, the parties assert that the

(continued...)

**[\*6]** petition and amendment to amended petition. Respondent filed his answer to the amended petition as amended. On August 20, 2018, respondent requested that this case be remanded to the Office of Appeals so that a supplemental hearing could be conducted to determine whether it was appropriate under Internal Revenue Manual guidelines to file an NFTL given the conclusion of the SO that petitioners were not in default on the installment agreement. The motion to remand was supplemented on August 31, 2018. This Court granted the motion to remand as supplemented. On October 1, 2018, the Office of Appeals issued a supplemental notice of determination concerning the section 6320 lien hearing. The supplemental notice of determination indicated that petitioners were not in default on the installment agreement at the time the lien was filed and therefore the filing of the NFTL was not sustained. The parties filed a stipulation of settled issues with the Court on May 24, 2019. The stipulation sustained the notice of determination concerning the proposed levy action issued on November 16, 2017, and the supplemental notice of determination concerning the filing of the NFTL

---

[4](...continued)
petition was timely. We agree with respondent that pursuant to sec. 7508A(a)(1) the deadline to perform time-sensitive actions described in the IRS regulations, including filing a petition with the Tax Court, was extended until January 31, 2018, for certain taxpayers affected by Hurricane Irma. See sec. 7508A; sec. 301.7508A-1(c)(1)(iv), Proced. & Admin. Regs.; I.R.S. News Release FL-2017-04 (Sept. 12, 2017).

**[*7]** issued on October 1, 2018.  In summary, the determination as to the levy action was not sustained and the supplemental determination as to the filing of the NFTL was not sustained.

Petitioners filed a motion for reasonable litigation or administrative costs on June 28, 2019 (motion for reasonable costs).  They later filed an amended motion for reasonable costs on August 1, 2019.  Respondent filed a response to the amended motion for reasonable costs on August 26, 2019.  Petitioners' filed a reply to respondent's response on November 1, 2019.

Discussion

Section 7430(a) provides for the award of reasonable costs incurred in an administrative or court proceeding against the United States brought in connection with the determination, collection, or refund of any tax, interest, or penalty pursuant to the Internal Revenue Code.  Such an award may be made for (1) reasonable administrative costs incurred in connection with such an administrative proceeding within the Internal Revenue Service and (2) reasonable litigation costs incurred in connection with such a court proceeding.  Sec. 7430(a).  The award shall be made only for reasonable litigation and administrative costs which are allocable to the United States and not to any other party.  Sec. 7430(b)(2).

**[\*8]**   To recover costs, the taxpayers must establish that (1) they are the prevailing party, (2) they did not unreasonably protract the proceedings, (3) the amount of the costs requested is reasonable, and (4) they exhausted the administrative remedies available.  See sec. 7430(b) and (c); Friends of the Benedictines in the Holy Land, Inc. v. Commissioner, 150 T.C. 107, 111-112 (2018).  These requirements are conjunctive, and the failure to satisfy any one of them will preclude an award of costs.  See Minahan v. Commissioner, 88 T.C. 492, 497 (1987).  Petitioners have the burden of proving they have satisfied each requirement of section 7430.

Respondent concedes that petitioners did not unreasonably protract the proceedings and that petitioners have exhausted the administrative remedies available to them.  Respondent further concedes that petitioners have substantially prevailed with respect to the most significant issues presented and does not argue that the position of the United States as outlined in the notice of determination concerning the filing of the NFTL was correct or substantially justified.[5] Respondent argues, however, that reasonable costs may not be awarded in this case because:  (1) administrative costs are not awardable with respect to a CDP

_____

[5]Respondent disputes whether the costs requested are reasonable; however, we need not discuss the reasonableness of the requested costs for reasons discussed infra.

[*9] hearing where the underlying tax liability is not properly at issue and (2) litigation costs are not awardable for time pro se taxpayers spend representing themselves.

### A.    Reasonable Administrative Costs

Petitioners claim that they are entitled to recover $2,465 as reasonable administrative costs under section 7430. Reasonable administrative costs are the reasonable and necessary costs incurred by the taxpayer in connection with an administrative proceeding. Sec. 301.7430-4(a), Proced. & Admin. Regs. An administrative proceeding does not include a proceeding in connection with a collection action. Sec. 301.7430-3(a)(4), Proced. & Admin. Regs. CDP hearings under sections 6320 and 6330 are considered collection actions "unless the underlying tax liability is properly at issue." Sec. 301.7430-3(a)(4), (b), Proced. & Admin. Regs.; see Worthan v. Commissioner, T.C. Memo. 2012-263; Dalton v. Commissioner, T.C. Memo. 2011-136, 2011 Tax Ct. Memo LEXIS 135, at *20-*21 (finding the taxpayers were "not permitted to recover costs incurred in connection with the collection due process hearing"), rev'd on other grounds, 682 F.3d 149 (1st Cir. 2012).

Respondent maintains that petitioners may not recover reasonable administrative costs because the CDP hearing at issue was not an "administrative

[*10] proceeding" under the regulations' interpretation of that term.  See sec. 301.7430-3(a)(4), (b), Proced. & Admin. Regs.  Petitioners assert that the CDP hearing in issue was an administrative proceeding because they questioned the amount of the underlying tax liability both orally and in writing during the hearing.  See id.

According to the record, on multiple occasions petitioners questioned why a $7,500 payment credited to their account on April 18, 2017, was not reflected in the liability underlying the NFTL.  On the basis of their claim that a payment proximate to the issuance of the NFTL was not reflected therein, petitioners argue that their challenge to the NFTL filing is a challenge to the underlying tax liability.

In Kovacevich v. Commissioner, T.C. Memo. 2009-160, slip op. at 15, this Court held that "questions about whether a particular check was properly credited to a particular taxpayer's account for a particular tax year are not challenges to his underlying tax liability."  See also Melasky v. Commissioner, 151 T.C. 89 (2018), aff'd, 803 F. App'x 732 (5th Cir. 2020).  Further in Kovacevich v. Commissioner, slip op. at 15 n.10, the Court distinguished instances in which taxpayers assert they are due refunds from prior years, as these types of challenges are considered a challenge to the taxpayers' underlying tax liabilities.  See also Landry v. Commissioner, 116 T.C. 60 (2001).

[*11] Petitioners, like the taxpayers in Kovacevich, question the application of a payment. They do not claim they are due a refund or other tax credit that would change the amount of their underlying tax liability. Their challenge is to the amount of tax liability that remained unpaid at the time the NFTL was filed, not the total tax liability as imposed by the Code. Accordingly, the CDP hearing was a proceeding in connection with a collection action and was not an administrative proceeding pursuant to section 7430. We therefore hold that petitioners are barred from recovering compensation for administrative costs.

B.     Reasonable Litigation Costs

Petitioners claim that they are entitled to recover $5,757 as litigation costs under section 7430. Respondent argues that petitioners are not entitled to recover their requested litigation costs because they handled the litigation pro sese and did not pay or incur any actual costs.

A prevailing party may be awarded reasonable litigation costs incurred in connection with a case filed in this Court. Sec. 7430(a); Rule 230. The term "reasonable litigation costs" includes a reasonable amount of court costs; expert witness expenses; costs of a study, analysis, engineering report, test, or project; and "reasonable fees paid or incurred for the services of attorneys". Sec. 7430(c)(1). Petitioners do not claim court costs or other actual expenditures

[*12] related to the litigation; they claim only the value of their personal time spent researching, preparing legal documents, and conversing with respondent's representatives.

The courts have consistently held that under section 7430 pro se taxpayers may not be awarded an amount reflecting the value of their personal time in handling litigation, even though fees taxpayers pay to attorneys to handle the litigation would be recoverable. See, e.g., Dunaway v. Commissioner, 124 T.C. 80, 83 (2005); Frisch v. Commissioner, 87 T.C. 838, 846-847 (1986) (stating that a pro se taxpayer, who also was an attorney, was not entitled to the value of his time in handling the litigation). The plain text of section 7430 cannot be read to include lost opportunity costs but is limited to actual expenditures. Frisch v. Commissioner, 87 T.C. at 845-846.

Petitioners argue that although they are "aware of precedent relating to reimbursement of [p]ro [s]e petitioners", this Court's holdings ignore "the possibility that responsibility for [p]ro [s]e representation of two [p]etitioners may be disproportionately shared between the individuals." Petitioners claim that petitioner Gary Dennis produced all documents and performed all other legal services related to the case, while petitioner Sharon Dennis did not participate in the case in any way. Petitioners assert that the number of hours of requested

**[*13]** compensation has been reduced by 50% to reflect the lost income-producing capacity of one spouse in defending the other during litigation.

Though petitioners' position regarding representation of a spouse is understandable, the requirement for actual expenditures still applies where a pro se taxpayer represents a spouse in addition to himself or herself. See, e.g., Frisch v. Commissioner, 87 T.C. 838. In representing himself and his wife, Mr. Dennis did not pay or incur fees for legal services. We therefore hold that petitioners are barred by the plain text of the statute from recovering compensation for time spent in litigating their own case.

We have considered all of the parties' arguments, and, to the extent not addressed herein, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

An appropriate order and decision will be entered.